EASTERN DIST.
*June,* 1840.

OPOTHLARHOLER
ET AL.
*vs.*
GARDINER.

---

OPOTHLARHOLER ET AL. *vs.* GARDINER.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where two of the original plaintiffs, *in a joint action*, die after judgment, and a rule is taken by the other seven, on the surety in the bail, to show cause why he should not pay their share of the judgment: *Held*, that the judgment severed their *joint interest*, and that each has a right to recover his *virile* share from the surety.

The authority of an agent of the plaintiffs, and of the attorneys, in prosecuting the original suit, is put to rest by the judgment, and cannot be questioned in a proceeding against the bail.

The premature signing of judgment, as between the parties, is not assignable as error.

EASTERN DIST.
June, 1840.

OPOTHLARHOLER
ET AL.
vs.
GARDINER.

When it appears that the defendant is a non-resident, but has an attorney of record, service of notice of judgment on the attorney, is sufficient.

It is not necessary for the sheriff to call on the defendant's attorney, when he is absent, to point out property; and the return of "*no property*, after demand of the plaintiff's attorney," was sufficient, to authorize a *capias ad satisfaciendum* to issue.

The fact that the *ca. sa.* was returned two days before the return day, is not material in a proceeding against the bail, when the rule on him to pay the judgment was not taken until the return day, and full notice given before trial on it.

Where the principal debtor was surrendered to the sheriff on the 23d, and judgment against the bail bears date the 18th January, the surrender comes too late to operate a release of the bail.

This is a proceeding on a rule to render the surety liable on a bail bond.

The plaintiffs, being nine in number, originally, and members of the Creek nation of Indians, obtained a judgment against Archibald Hotchkiss for ten thousand dollars, after arresting and holding him to bail. He was arrested on the affidavit of one Dubois, as the agent of the plaintiffs. The judgment purports to have been rendered the 26th June, 1839, and was signed the 1st July. A *fieri facias* was taken out the 26th July, and returned " no property found, after demand of the plaintiff's attorney, the defendant being absent," on the 19th September following. On the 11th October, a *capias ad satisfaciendum* issued, returnable *on or before* the fourth Monday in December, which was the twenty-third day of the month. It was, however, returned by the sheriff on the Saturday preceding, being the twenty-first. On Monday, the twenty-third, the plaintiffs, by counsel, took a rule on the present defendant, who was the surety in the bail bond given by Hotchkiss, to show cause why judgment should not be entered up against him for six thousand dollars, the amount for which he was liable to them on the original judgment. Before the trial of the rule, two of the plaintiffs having died since the rendition of the judgment, leave was granted discontinuing this suit as to them.

EASTERN DIST.

*June*, 1840.

OPOTHLARHOLER
ET AL.
*vs.*
GARDINER.

On the 18th January, 1840, judgment on the rule was rendered and signed, decreeing the defendant to pay seven-ninths of the bond subscribed by him, and he appealed.

*Maybin*, for the appellant, urged a variety of objections to the proceedings and judgment against the defendant, which are noticed at length in the opinion of this court.

*Elmore* and *King*, for the appellees, insisted that the judgment was correct in every respect, and that the proceedings were regular and legal.

*Bullard, J.*, delivered the opinion of the court.

The plaintiffs, nine in number, being Indians of the Creek nation, brought suit jointly against one Hotchkiss, and recovered the sum of ten thousand dollars. The present appellant having become bail for the defendant, the plaintiffs took a rule upon him, to show cause why he should not be condemned to pay the amount of his bond. He is appellant from a judgment against him for seven-ninths of the amount of said bond, two of the original plaintiffs having died, and the suit being discontinued as to them.

The bail, in answer to the rule, first sets up as an exception to the proceeding against him, the death of two of the original plaintiffs, and claims that the suit should be dismissed. We are of opinion the court did not err in overruling this exception. It is a general rule, undoubtedly, that all parties in interest should join in a suit, or be made parties. But even in ordinary cases, there may be exceptions growing out of the extreme difficulty, if not impossibility of doing so. In the present case it appears that all the joint creditors joined in the original action, and we are of opinion that the judgment severed their joint interest, and that each has a right to receive his *virile* share ; although, if driven to an execution, it might be necessary to pursue the judgment in the form of the writ. The bail engaged to pay the judgment of this court upon certain conditions, and that judgment is in substance, that each of the original plaintiffs receive of the

*Where two of the original plaintiffs, in a joint action, die after judgment, and a rule is taken by the other seven on the surety in their bail, to show cause why he should not pay their share of the judgment: Held, that the judgment severed their joint interest, and that each has a right to recover his virile share from the surety.*

defendant his share of the claim. It would be manifestly impossible to bring in the heirs of a Creek Indian, and the defendant has shown no necessity for so doing. 14 *Louisiana Reports*, 27; 2 *Story's Equity* 142; 3 *Vesey*, 314; 1 *Johnson's C. Reports*, 350; 5 *Louisiana Reports*, 287; 4 *idem.*, 100.

He next denies the agency of Dubois, on whose affidavit the order of arrest was issued, and of the attorneys engaged in prosecuting the original suit. We concur with the district judge, that these questions are put to rest by the judgment, and that the authority of the agent and attorneys cannot be questioned in this manner, especially without affidavit, inasmuch as the presumption is in favor of the authority.

The defendant in the rule, next relies upon various alleged irregularities in the proceedings against the original defendant, to wit:

1. That the judgment was signed prematurely, without allowing the legal delay for asking a new trial.

2. That notice of judgment was not legally served.

3. That a proper demand of property was not made to satisfy the *fi. fa.*

4. That the *ca. sa.* was returned prematurely.

5. That there were other persons bound as bail, who should have been sued at the same time.

I. Even admitting that the judgment against Hotchkiss, was signed prematurely, it does not follow that the defendant was deprived of the right of moving for a new trial, as between the parties such premature signature is not assignable in error. 7 *Martin, N. S.*, 233.

II. The notice of judgment was served on one of the attorneys of the defendant, and it appears by the proceedings that he was a resident of Texas, and that he had no domicil in the state. We are of opinion that this is sufficient, and that it is not necessary to appoint a curator *ad hoc*, for the purpose of receiving notice of judgment, when there is an attorney of record.

III. In execution of the writ of *fieri facias*, the sheriff appears to have done all in his power. He could not call on the defendant, who was absent, to point out property; and it

*Margin notes:*

EASTERN DIST. *June*, 1840.

OPOTHLARHOLER ET AL. *vs.* GARDINER.

The authority of an agent of the plaintiffs, and of the attorneys, in prosecuting the original suit, is put to rest by the judgment, and cannot be questioned in a proceeding against the bail.

The premature signing of judgment, as between the parties, is not assignable as error.

When it appears that the defendant is a non-resident, but has an attorney of record, service of notice of judgment on the attorney, is sufficient.

It is not necessary for the sheriff to call on the defendant's attorney, when he is absent, to point out pro-

EASTERN DIST.

June, 1840.

OPOTHLARHOLER
ET AL.
vs.
GARDINER.

perty; and the
return of "no
property, after
demand of
the plaintiff's
attorney," was
sufficient to au-
thorize a capias
ad satisfacien-
dum to issue.

The fact that
the ca.sa.was re-
turned two days
before the re-
turn day, is not
material in
a proceeding
against the bail,
when the rule
on him to pay
the judgment
was not taken
until the return
day, and full no-
tice given before
trial on it.

Where the
principal debtor
was surrendered
to the sheriff on
the 23d, and
judgmentagainst
the bail bears
date the 18th
January, the sur-
rende comes too
late to operate a
release of the
bail.

is not, in our opinion, the duty of that officer to call on the defendant's attorney, to show the property of his client. We think the return in this case justified the issuing of the *capias.* *Code of Practice,* articles 726 and 727.

IV. The *ca. sa.* was made returnable on or before the fourth Monday of December, the 23d of the month, and was returned on the 21st. The rule on the bail was taken on the 23d December, and returnable on the 6th of January. It was answered on the same day, and final judgment rendered thereon upon the 18th. During that period, the bail might have exonerated himself, by surrendering the defendant. We cannot notice any thing which occurred after the rendition of the judgment. The 22d of December being Sunday, the writ could not have been served; and on Monday, the 23d, the plaintiffs had a right to require of the sheriff to return it. Thirteen days notice was given, exclusively of the day on which the rule was taken, and that on which it was returnable. The bail, in our opinion, has no right to complain, inasmuch as he had from the 11th October, when the *ca. sa.* issued, until the 18th of January, within which time he might have surrendered the defendant, who had forfeited the bond by leaving the state.

V. The record does not show any other bail bond than that signed by the present appellant.

It is further urged, that the principal was surrendered on the same day that the judgment was signed, although it was rendered several days before. The record does not show at what time the judgment was signed. It bears date January 18th. We are of opinion that a surrender to the sheriff on the 23d, did not operate the release of the bail, according to articles 231 and 235, of the Code of Practice.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.