[No. 2103.]

## J. D. STEELE *v.* THE STATE.

1. CASE APPROVED.— THE CONSTITUTIONALITY OF THE "LOCAL OPTION" LAW was maintained by this court in the case of *Ex parte Lynn, ante,* page 293, and it is here reasserted. It is not in violation of section 18 of the Bill of Rights of this State, but is a law which the Legislature had the constitutional power to enact.

2. ENTRY OF THE PRESENTMENT OF AN INDICTMENT upon the records of the court need not show what offense is charged in the indictment.

3. "LOCAL OPTION" LAW — PETITION FOR ELECTION UNDER THE SAME — "CITIZEN"— CASE APPROVED.— A petition for an election under the "local option" law, which recites that the petitioners are *citizens* of the locality, sufficiently shows that such petitioners are qualified voters of the locality, the word "citizen" being, in this connection, equivalent to the words "qualified voters." *Ex parte Lynn, supra,* approved on the subject.

4. SAME.— It is not, however, essential to the sufficiency of a petition for an election under the "local option" law to show that the petitioners are qualified voters, either by a direct or indirect averment. The qualification of the petitioners is a jurisdictional fact, to be ascertained by the commissioners' court independent of any allegation in the petition.

5. SAME.— With respect to a petition for an election under the "local option" law, it is only necessary that the requisite number of qualified persons shall, by a petition in writing, indicate to the commissioners' court their desire that an election be held in a particular locality for the purpose of determining whether or not the sale of intoxicating liquors shall be prohibited in that locality. It is not essential that the petition should refer to and designate the statute under which the election should be ordered. The petition in this case unnecessarily refers to the "local option" act, and incorrectly describes it. *Held,* that the erroneous reference to the statute is mere surplusage, and does not invalidate the petition. See the opinion *in extenso* on the question.

6. SAME.— The commissioners' court has no power under the law to order an election to determine whether or not the gift or exchange of intoxicating liquors shall be prohibited. Its authority in the premises is limited to ordering an election to determine as to the prohibition of the *sale* of intoxicating liquors (Revised Statutes, article 3237); and this limitation is not affected by the fact that it is provided that, when the election has resulted in favor of prohibition, the effect is that the sale, exchange and gift of intoxicating liquors within the particular locality is prohibited (Revised Statutes, article 3239) and made penal. (Penal Code, article 378.) That part of the law, however, which undertakes to prohibit the gift of intoxicating liquors has been declared by this court to be unconstitutional in the case of *Holley* v. *The State,* 14 Texas Ct. App., 505, which case is hereby approved. *Quære:* The petitioners in this case having asked for an election to determine the prohibition of the sale, *exchange* and *gift* of intoxicating liquors, thus exceeding their legal rights (*i. e.,* to petition for an election to determine the prohibition of the *sale* of intoxicating liquors), was it within the power of the commissioners' court to act upon the petition and grant the prayer thereof with reference to the sale? Note the opinion for an intimation of the court upon the subject.

**7.** SAME.— Whether or not the excessive prayer in the petition affected the authority of the commissioners' court to order an election to determine the prohibition of the *sale* of intoxicating liquors, that court certainly had no authority to order an election to determine the prohibition of the *exchange* or *gift* of intoxicating liquors within the designated locality, no such an election being authorized by law; and, therefore, such an order was an absolute nullity.

**8.** SAME.— The order of the commissioners' court declaring the result of the election directs that the sale, gift or exchange of intoxicating liquors shall be prohibited in said justice's precinct, "except for the purposes specified in the title of the act heretofore mentioned." The only act referred to in the order is the act of June 24, 1876, the title of which act contains no exceptions whatever. The effect of the order is to prohibit the sale, gift or exchange of intoxicating liquors without the exceptions enumerated in the law (Revised Statutes, articles 3228–3233), and it is therefore a nullity as not being in compliance with the law.

**9.** SAME — AUTHENTICATION OF THE RECORDS OF COURT.— Article 1527 of the Revised Statutes expressly directs that the proceedings of the commissioners' court shall be recorded, which record shall be read over and signed by the county judge, or the member of the court presiding, at the end of each term and attested by the clerk. *Quære,* whether the orders of the commissioners' court, in the absence of a proper authentication of the minutes of the court at the term when the orders were entered, are valid? Note the suggestion of the court with reference to the statute cited.

**10.** SAME — ACCOMPLICES — CORROBORATING TESTIMONY.— It was proved upon the trial of this case that the two State's witnesses who testified to the defendant's inculpatory acts had been employed and paid by third parties to spy upon the defendant's conduct of his drug business, and to ascertain whether or not he sold intoxicating liquors, and that they were furnished with expense money by the said third parties to enable them to purchase intoxicating liquors of the defendant, and thereby qualify themselves to testify for the State in the prosecution of the defendant. *Quære,* were not the two witnesses who, by their employment and acts, procured the defendant to violate the law, accomplices within the meaning of the law which requires the corroboration of an accomplice as a prerequisite to conviction upon his testimony?

APPEAL from the County Court of Hunt. Tried below before the Hon. J. S. Sherrill, County Judge.

The conviction in this case was for the offense of selling intoxicating liquors in violation of the "local option" law. A fine of $25 was the penalty assessed.

The opinion sufficiently discloses the case.

*Terhune & Yoakum* and *Marshall & Stinson,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

WILLSON, JUDGE. I. In the case of *Ex parte* Lynn, decided by this court at its present term (*ante,* p. 293), it was held that the

law known as the "local option law" does not violate section 18 of the Bill of Rights of this State, but is such a law as it was within the constitutional power of the Legislature to enact. Adhering to that decision, we hold that defendant's objection to the constitutionality of the law under which the conviction in this case has been had is not maintainable.

II. It is not required that the record entry of the presentment of an indictment should show the offense charged. (Code Crim. Proc., art. 415; *Spears* v. *The State*, 16 Texas Ct. App., 98; *Hasley* v. *The State*, 14 Texas Ct. App., 217.) In this case the record entry notes the style of the action and the file number of the indictment, and states the offense charged to be "unlawfully selling intoxicating liquor in justice's precinct 6." While it was unnecessary to state the offense charged, such statement, when correctly made, as it was in this instance, would certainly not vitiate the entry.

III. We held in *Ex parte* Lynn, *supra*, that a petition for an election under the local option law, which recited that the petitioners were *citizens* of the locality, sufficiently showed that said petitioners were qualified voters of that locality, the word *citizen* being in this connection equivalent to the words *qualified voters*. In the case before us the petition recites that the signers thereto were *citizens* of the justice's precinct for which the election was desired, and in this respect was a petition in compliance with the law, even should it be held that the petition must, upon its face, show that it is presented by qualified voters. But we are of the opinion that it is not required that the petition should show that the petitioners are qualified voters, either by a direct or indirect statement. The qualification of the petitioners is a fact to be inquired into and determined by the commissioners' court before acting upon the petition. It is an inquiry as to a jurisdictional fact which is not dependent upon or affected by any allegation, or the absence of any allegation, in the petition.

IV. But there is a far more serious objection to the petition in this case than the one just determined. It prays that an election be ordered "in accordance with an act of the Legislature of the State, approved April 24, 1876, and known as the 'local option law,' to determine whether or not the sale, gift or exchange of intoxicating liquors and medicated bitters producing intoxication shall be prohibited," etc. Now, there is no such act as the one referred to. There was an act of the Legislature, approved June 24, 1876, and which was known as the "local option law." (Gen'l Laws 15th Leg., p. 26.) This act was substantially re-enacted in the Revised Stat-

utes, title LXIII, and is the law known as the "local option law." In the marginal reference in the Revised Statutes it is erroneously cited as the act of April 24, 1876, and it was doubtless this error that misled the petitioners.

We do not think this error can affect the validity of the petition. It was not essential that the petition should refer to and designate the statute under which the election should be ordered. All that is necessary under the law is that the requisite number of qualified persons shall, by a petition in writing, indicate their desire that an election be held in a particular locality, for the purpose of determining whether or not the sale of intoxicating liquors shall be prohibited in that locality. In this respect the petition before us is sufficient, and the erroneous reference to the statute under which the petition was presented is mere surplusage, and does not invalidate the petition.

But the petition prays for an election to determine whether or not the sale, *gift or exchange* of intoxicating liquors shall be prohibited. In this the petition, in its prayer, went beyond the law. There is no law which authorizes such an election to be held. The commissioners' court can only order an election to determine as to the *sale* of intoxicating liquors. It has no power to order an election to determine whether or not the *gift* or the *exchange* of intoxicating liquors shall be prohibited. (Rev. Stats., art. 3227.) It is true that it is provided that, when the election has resulted in favor of prohibition, the effect is that the sale, exchange and gift of intoxicating liquors within the particular locality is prohibited and made penal. (Rev. Stats., art. 3239; Penal Code, art. 378.) This court has declared, however, that, in so far as the law undertakes to prohibit the *gift* of intoxicating liquors, it is unconstitutional and inoperative. (*Holley* v. *The State*, 14 Texas Ct. App., 505.) In so far, then, as the petition asked for an election to determine whether or not the gift or exchange of intoxicating liquors should be prohibited, it was unauthorized by any law of this State, and asked the commissioners' court to make an order which that court had no legal power to make.

The petitioners had the legal right to ask for an election to determine as to the sale of intoxicating liquors, but could legally ask for nothing more. Having exceeded their legal rights, was it within the power of the commissioners' court to act upon the petition and grant the prayer thereof to the extent authorized by law,— that is, to the extent of ordering an election to determine as to the prohibition of the *sale* of intoxicating liquor? Without determining this

question we will say that we are by no means satisfied that the commissioners' court could legally order an election upon such a petition. It would be beyond the power of the court to order the election prayed for; and to order an election not prayed for would, it seems to us, be also without authority.

V. Upon the petition as presented the commissioners' court ordered an election to determine whether or not the sale, gift or exchange of intoxicating liquors should be prohibited. As we have before stated, there is no law which provides for such an election, and the said court was without authority to order such an election, and we must hold, therefore, that the order was a nullity. It cannot be held that the order is valid as to the *sale* and invalid as to the *gift* and *exchange* of intoxicating liquors, because there is a great difference between an election to determine whether or not the *sale*, and one to determine whether or not the *sale, gift* or *exchange* of intoxicating liquors shall be prohibited. A voter who would be willing to prohibit the sale, gift or exchange, might not be willing to prohibit only the sale, and, had the election been ordered to determine only as to the sale, might have voted against such partial prohibition. Hence many votes may have been cast in favor of prohibition of the sale, gift or exchange of intoxicating liquor, which would have been cast against a prohibition limited to a sale of the liquor.

VI. Again, the order of the commissioners' court declaring the result of the election is not in accordance with law. It orders that the sale, gift or exchange of intoxicating liquors shall be prohibited in said justice's precinct, "except for the purposes specified in the title of the act heretofore mentioned." The act referred to is the act of June 24, 1876, which is the only act mentioned in said order. The title of that act contains no exceptions. (Gen'l Laws 15th Leg., p. 26.) The only exceptions in the act are to be found in its first section, and are the same as those contained in article 3228 of the Revised Statutes. It is apparent, therefore, that the said order of the court prohibits the sale, gift or exchange of intoxicating liquors in said precinct without any exception whatever, and in this respect is not in conformity with the law. (Rev. Stats., arts. 3228–3233.) We think it clear that this order is a nullity, and did not have the effect to make the "local option law" operative in said precinct.

VII. Our view of the case being that the local option law has not been legally adopted and declared in said justice's precinct, the conviction is illegal, and the judgment must be reversed and the prosecution dismissed.

There are other questions presented in the record, and discussed

by counsel for appellant, which are interesting and important, but their decision not being essential to a final disposition of this case, we shall not consume time in determining them decisively. We will, however, call attention to two of the questions raised, as they may occur in other cases unless properly guarded against in the future.

*First.* It appears in evidence that the minutes of the commissioners' court, containing the orders relating to the said election, were not signed at the end of the term by the county judge or the member of the court presiding. It is contended by counsel for appellant that the said orders are of no validity, because of this omission. The statute expressly provides that the proceedings of the court shall be recorded, which record shall be read over and signed by the county judge or the member of the court presiding, at the end of each term, and attested by the clerk. (Rev. Stats., art. 1527.) We are not aware that the question here presented has ever been decided by the courts of last resort in this State. Neither counsel for appellant nor for the State have cited us to any such decision, and counsel for appellant stated in oral argument that, after a thorough examination, he had been unable to find any decision of the supreme court of this State, or of this court, bearing upon the subject. Counsel for appellant, in his brief, cites the following decisions of the courts of other States, which, he says, are in point, and hold that the minutes of a court which are unauthenticated are not valid, viz.: *Salvy* v. *Collins*, vol. 1, 30 La. Ann., 63; *State* v. *Jumel*, id., 421; *Raymond* v. *Smith*, 1 Met. (Ky.), 65; *Hatch* v. *Arnault*, 3 La. Ann., 482; *Galbraith* v. *Snider*, 28 Ind., 142. We have not examined these cases, and have in fact made no investigation of the subject, it being unnecessary that we should at present determine the question. We have mentioned the question in order to call the attention of courts to the statute which requires their minutes to be authenticated, and to admonish them that this plain requirement of the statute should not be disregarded. A performance of this duty will avoid the recurrence of this question, perhaps, and thereby save litigation and expense.

*Second.* It appears from the statement of facts that the two State's witnesses who testified that the defendant sold intoxicating liquor in said precinct had been employed by certain citizens of said precinct to watch the defendant in the conduct of his business as a druggist, and ascertain if he did not sell intoxicating liquors. These witnesses were to be paid, and were paid by their said employers, $100 to get defendant to sell them whisky, so that he could be in-

dicted for the offense. They were furnished with expense money to enable them to accomplish this purpose. They were engaged in no other business at the time. Their sole employment was to get the defendant to violate the law by selling them whisky.

It is insisted by defendant that these witnesses are accomplices in the offense committed by defendant, if any offense was committed, and that a conviction had upon their uncorroborated testimony cannot be sustained. We are strongly inclined to agree with counsel for the defendant as to the *status* of these witnesses. We can see no good reason why they should not be regarded as accomplices in the sale of the liquor, they being employed to procure such sale, and their energy and cunning being bought and paid for to accomplish that purpose. We think it would be prudent, hereafter, for prosecutors to not rely solely upon this character of testimony. This court would hesitate long before affirming a judgment based solely upon such questionable evidence.

For the reasons hereinbefore stated the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered November 25, 1885.]