## NATHAN NICHOLLS V. HIS CREDITORS.

Evidence which does not correspond with the allegations in the pleadings of the party offering it, is inadmissible.

Payment of a note secured by mortgage by one not bound for it, and who had no interest in discharging it, will not subrogate him to the rights of the party for whom he paid. The payment will extinguish the debt, and the mortgage given to secure it ; and the claim for reimbursement will constitute the party who paid, an ordinary creditor of him for whose benefit the payment was made. C. C., 2156, 2157.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Grivot*, for the appellant.

*Hoffman*, for the syndic.

MORPHY, J. On a tableau of distribution being filed in this case, Augustus Renne opposed its homologation, alleging that he had obtained a judgment against the insolvent, on a note of his for $843, endorsed by Thomas Powell ; that this note had been given to the Firemen's Insurance Company, in renewal of a balance due on another note of Nicholls' for $2000, held by them, and secured by mortgage on two lots of ground in Suzette street ; that, on the signing of this note of $843, that of $2000 had been left by Nicholls with the company as collateral security ; that, the new note having been protested for non-payment, the company sued out an order of seizure and sale, and were about to sell the property mortgaged, when he (the opponent) paid the note, and was subrogated to all the mortgage rights and privileges of the company on the lots, which were sold by the syndic for $4200 ; and that, he should, therefore, have been placed on the tableau as a mortgage creditor of the insolvent. He further alleges, that by a written contract, he had leased from Nicholls, for five years, from the 1st of October, 1840, a lot of ground in the parish of Jefferson, for $1000, payable $200 yearly, by notes, on the 10th of February of each year ; that he has paid for the years 1841, 1842, and 1843, and that having become the purchaser of the property leased to him, at the syndic's sale, confusion has taken place, and he is no longer liable to pay his notes ; but that, as he purchased on the 10th of June, 1843, and has taken up in advance the note due in 1844, the

estate is bound to refund to him, out of the proceeds of the property leased, seventy-two dollars and nineteen cents, overpaid on the year expiring on the 10th of September, 1843, and $200 for the note of 1844, paid in advance; and to return to him the last note for 1845, or secure him against the same, in case it has been transfered by the insolvent. The opposition concludes by opposing the charges of the clerk and sheriff, the attorney's fee, and all the claims placed on the tableau. The syndic made an answer to this opposition, in which he denies that Renne was subrogated to the mortgage of the Firemen's Insurance Company; charges that he is colluding with the insolvent to defraud the creditors; and expressly denies that any notes were ever given in pursuance of the contract of lease, which, not having been recorded in the parish where the property is situated, is of no effect against the creditors of Nicholls. On the hearing of this opposition, it was dismissed with costs, whereupon, the opposing creditor appealed.

On the trial, the judge properly refused, we think, to permit the opponent to prove by witnesses, as he offered to do, that the notes annexed to his opposition had been given to one Henry Brode, in payment of a claim he held against the Firemen's Insurance Company, and, afterwards, transferred to him by the said Brode. The proof tendered did not correspond with his allegations. From these, taking them as true, we cannot see how the appellant became subrogated to the mortgage of the company. It is not pretended that a conventional subrogation was executed to him, and he has not shown that he was bound for the note he paid, or that he had an interest in taking it up. The payment he made extinguished the debt of Nicholls to the company, and, with it, the mortgage given to secure it. His claim for reimbursement for the money thus advanced to the insolvent, must, therefore, be an ordinary debt. Civil Code, arts. 2156, 2157. The tableau shows that there will be nothing coming to the ordinary creditors.

With regard to the rent alleged to have been paid in advance, and the reimbursement of which is claimed by the opponent, it is sufficient to remark that, notwithstanding the charge of collusion, and the express denial made by the syn-

dic that any notes were given for the lease, no attempt has been made to prove that the appellant took up or paid any notes in advance, or even that any were furnished, as expressed in the written lease. But even had such proof been offered, the right to be refunded any money paid in advance, would not entitle tho lessee to a mortgage on the property leased, or to a preference on its proceeds in the hands of the syndic. Had the property been bought by another person, he might probably, under article 2704 of the Civil Code, have had a right to retain the possession and enjoyment of it, until the expiration of his lease. Having become himself the owner of the premises leased to him, his claim, if he has any for rent paid in advance, can only be, we apprehend, a personal one against the estate.

On an examination of the evidence adduced, in support of the several charges and claims to which opposition has been made, we find that they have been satisfactorily proved.

*Judgment affirmed.*