## SPILLER & ALLEN *v.* THEIR CREDITORS.

Provisional syndics are entitled to one per cent. on the appraised value of the goods and effects confided to them as such.

The syndics of an insolvent estate may be entitled to an allowance for the hire of a clerk employed by them, where they allege and prove that extraordinary skill as an accountant was required to unravel complicated accounts, left in confusion by the insolvent. In the absence of such allegations and proofs, the hire of a clerk employed by them must be paid for by the syndics themselves.

A mortgage granted by the maker of a note, to one who endorses the note for the maker's accommodation, to secure him against liability, is not an accessory to the principal obligation, but simply a personal indemnity depending on the payment of the note by the endorser. The decision in the case of *Bowman* v. *McElroy & Bradford*, 15 An. 646, re-affirmed.

Subrogation takes place of right for the benefit of him who, being himself a creditor, pays another creditor, whose claim is preferable to his, by reason of his privileges or mortgages. C. C. 2157 ; 9 R. 476.

When the receipt bears no imputation, the payment must be imputed to the debt which the debtor had at the time most interest in discharging, of those that are equally due, otherwise to the debt which has fallen due though less burthensome than those which are not yet payable.

If the debts be of a like nature, the imputation is made to the less burthensome ; if all things are equal, it is made proportionally. C. C. 2162.

No amendment can be allowed in an answer to an appeal, which is not made in the Court *a quo*.

APPEAL from the District Court of the Parish of St. Helena, *McVea*, J. *S. W. Martin*, for plaintiffs. *B. J. Hamilton*, for defendants. *McVea & Hunt*, for opponents and appellants.

DUFFEL, J.   This is an opposition to a provisional account filed by the syndic, *Amos Kent*.

The appeal was brought up by the commercial firm of *Harris & Levi* of the city of New Orleans.

1st. The claim of *John M. Putnam*, as provisional syndic, for one per cent. on the appraised value of the goods and effects confided to him as such, was properly allowed under the 10th section of the act, approved March 15th, 1855, relative to voluntary surrender, &c., p. 432.   The fact that the bond furnished by the provisional syndic was not signed by sureties residing within the jurisdiction of the court, cannot be inquired into for the sole purpose of defeating this claim.

2d.   The claim allowed by the lower court to *Charles H. Allen*, for services rendered at the request of the syndic, as bookkeeper &c., was fully proved, independently of the testimony of *Allen*.   The evidence, we think, makes out the case required in *Pandelly* v. *Creditors*, 1 An. 22.

3d.   *Patton, Smith & Putnam*, were classed by the syndic as mortgage creditors for $10,228 52, and the oppositions to said claim were rejected by the judgment of the District Court.

It appears from the evidence, that the insolvent debtors, *Spiller* and *Allen*, by

act dated March 27th 1858, gave to the commercial firm of *Patton & Smith*, domiciliated in New Orleans, and composed of *J. F. Patton* and *Isaa A. Smith*, a special mortgage on certain property, to secure and indemnify them against certain contemplated acceptances, &c.

*Patton & Smith*, from the date of this act to the end of the following month, accepted largely for the accommodation of the mortgagers.

On the 1st of May 1858, the style of the firm of " *Patton & Smith* " was changed into the name of " *Patton, Smith & Putnam,*" by reason of the addition of *John M. Putnam* and *John D. Murrell* as members of the firm. The paper of *Spiller & Allen*, bearing the name of *Patton & Smith*, having matured after the formation of the new firm and the fusion of the old firm with it, was taken up and charged by *Patton, Smith & Putnam* to the credit of *Spiller & Allen*, together with other charges and advances made after May 1st 1858.

These acceptances, and this account current, are in evidence, and show, after making all the deductions, a balance of $10,256 63 against *Spiller & Allen*.

The opponents, *Harris & Levi*, contend in their brief: 1st. That as the. mortgage was granted to *Patt n & Smith*, and as their acceptances were taken up by *Patton, Smith & Putnam* without requiring any subrogation, they can only be classed for the amount allowed, as ordinary creditors. 2d. That the proceeds of the shipments made to *Patton, Smith & Putnam*, by the insolvents, should have been applied *first* to the payment of the liabilities of *Patton* and *Smith*, and that, had such imputation been made, the mortgage would have been fully satisfied.

On the first point :

It is clear that if *Patton & Smith* have suffered no damage, the mortgage is inoperative, for its primary object was to indemnify them, and not to secure the payment of the bills drawn by the mortgagers, in the hands of the holders. This point was especially made and decided by us in the case of *Elam Bowman* v. *McElroy & Bradford*, 15 An. 646.

The evidence shows that all the assets and charges of the old firm were transferred to the new association ; the indemnities held by *Patton & Smith* were, therefore, necessarily included in the transfer.

The acceptances of *Patton & Smith* became, as a consequence of the contract, changeable to *Patton, Smith & Putnam*, and when the latter took up the same, they became, by effect of law, subrogated to the mortgage of *Patton & Smith*, for they were under obligation to them to honor their acceptances, and hence had, in the sense of the Code Art. 2157, an interest to discharge the debt, as they were bound to do so under their contract with *Patton & Smith*, who were, as acceptors, primarily liable to the holders.

The payment extinguished the original obligation, but gave simultaneously birth to an action in indemnity secured by a special mortgage ; and had no mortgage been granted, the claim for reimbursement would then have been an ordinary one. *Nicholls* v. *Creditors*, 9 Rob. 476.

On the question of imputation.

It appears from the debit side of the account current, that the aggregate amount of the indebtedness of *Spiller & Allen* is, exclusive of interest, 44,978 99 ; of this sum $13,739 98-100, exclusive of interest and commissions, may be said to be guarantied by the mortgage.

The credit side exhibits $34,722 36, besides the difference of interest on the debit and credit sides, thus showing a balance of $10,256 63 still due by the insolvents.

SPILLER & ALLEN *v.* THEIR CREDITORS.

By computing the dates of the receipts and disbursements, and applying the funds received, *by preference*, to the payment of the drafts which were the cause of the mortgage, as on the date of their respective maturity, we find that all said drafts were paid, with the exception, however, of the three last ones, which matured on the 17th, 29th and 30th of March 1859, and which amount in the aggregate to $2758 64.

The question which now presents itself is, should not the above imputation be made, in the absence of any agreement between the parties? We find an affirmative answer in the Code, Art. 2162. See to the same effect, *Dunbar v. Bullard*, 2 An. 817.

The facts which controlled the decision in *Wilson & Co.* v. *Lewis & al.* 6 An. 774, not cited by the appellees, are totally different from those presented in the case at bar.

The appellees have, in their answer to the appeal, asked an amendment by the allowance of the attorney's fees stipulated in the act of mortgage. This demand is now made for the first time, and we cannot therefore entertain it, for the very obvious reason that our jurisdiction is appellate and not original.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be amended by reducing to the sum of two thousand seven hundred and fifty-eight 64-100 dollars, the amount allowed *Patton, Smith & Putnam* as a conventional mortgage; and by placing the said *Patton, Smith & Putnam*, as ordinary creditors, for the excess of their demand, that is to say, for seven thousand four hundred and sixty-nine 88-100 dollars ($7469 88); the judgment being otherwise hereby affirmed. It is further ordered that *Patton, Smith & Putnam* pay the costs of this appeal.