*493 The opinion of the court was delivered by
Roché, J.
The real contest in the case is between plaintiff and the third opponent, and it hinges upon the alleged extinction of a mortgage and vendor’s privilege originally securing two promissory notes on which plaintiff had sued out executory process on defendant’s immovable property.
The third opponent contends that the mortgage securing the note which he holds is the ranking encumbrance on the property seized by plaintiff, and he prays that executory process should issue on his note and mortgage, or in the alternative for payment by preference out of the proceeds of the sale provoked by plaintiff.
The present appeal is from a judgment dismissing the third opposition.
A preliminary statement, justified by the record, will perhaps simplify the issues- presented by the pleadings. It is clear that plaintiff and third opponent are both interposed persons; that Charles Hernandez is the real plaintiff; that A. J. Forstall is the real third opponent. At the time that these proceedings begun, the former was the president and the latter a member of the Board of Directors of the defendant, and neither desired to figure in proceedings hostile to the company. Hence, the interposition of third persons was resorted to for the purpose of judicially determining their respective claims and rights. From this statement, it follows that Weil is bound by every equity or reason which could affect Hernandez, and that Rareshide is to be affected by the same rule touching Forstall. Johnson vs. Weld, 8 An. 126.
It appears that two notes secured by mortgage and vendor’s privilege on defendant’s property were to mature as follows: One held by Edward Foley, as agent for Pierce Butler, for $1000, fell due on March 19, 1887, and the other, held by the Citizens’ Bank for collection, fell due on May 21, 1887.
By an understanding between Charles Hernandez, who was then president of the company, and the Board of Directors, and as the latter were without funds to meet payment, [it was agreed that Charles Hernandez should take up the notes on his personal account.
It then appears that on the 19th of March, 1887, on payment of $1070, representing the capital and interest of that note, to Edward Foley, the latter delivered possession of the same to Hernandez.
A similar transaction took place between Hernandez and the note *494 clerk of the Citizens’ Bank, who by request delivered the note to the agent of Hernandez without stamping it “paid.” These are the notes on which plaintiff herein sued out executory process in October, 1888. While he held the notes, Hernandez had agreed with the company to postpone payment thereon for one year. Under those facts the pivotal question in the case is to determine whether Hernandez was subrogated to the mortgage rights of the original holders of the notes. Plaintiff’s contention is that the transactions herein recited operated a sale of the notes by the holders, and a purchase of the same by Hernandez, while third opponent contends, that it was not a purchase, but a payment which resulted in the destruction of the mortgage. There is no doubt that the intention of Hernandez was to purchase the notes and to keep alive as his guarantee the mortgage which secured them. But did he accomplish that object? Mr. Toby, who held one of the notes as agent, does not remember the details of the transaction; he only remembers that the note was past due and that by request he brought it to the office of Mr. Hernandez, who handed him a check and to whom he handed the note; but he remembers that he executed no subrogation in connection with the note.
The note clerk of the Citizens’ Bank is positive in his testimony that he did not sell the note, which he had no authority to do, and that while he complied with the request not to stamp it “paid,” he is certain that he simply collected payment of the note and that he did not sell it.
In his answer to the third opposition plaintiff rests his ownership of the notes on a transfer of the same to Hernandez in due course of business; hence he did not set up any right of subrogation under the provisions of paragraph 2 of Art. 2160 or of Art. 2161 of the Civil Code.
It therefore follows that his attempt to prove a subx’ogation by the act of the debtor, through resolutions of the Board of Directors, should not have been countenanced, and that all proffered evidence for that purpose should have been rejected on the objections urged by third opponent.
Under the issue as tendered by plaintiff himself, the restricted and sole question presented for solution was a purchase vel non. Nicholls vs. Creditors, 9 Rob. 476.
The alleged recognition by the company of the mortgage rights of *495 Hernandez as a result of his “taking up” the notes might have evidenced a new contract between Hernandez, as a creditor, and the company, as his debtor, but it could not be invoked as proof to characterize the transaction between himself and the late holders of the notes. O. O. 2160, par. 2.
If, after obtaining possession of the note held by Toby, under the circumstances precisely as they are herein detailed, Hernandez had failed or neglected to obtain the note held by the Citizens’ Bank, what would have been his position in a contest over the proceeds with the bank, in the event that the same had not been sufficient to pay both notes in full? It is too clear for argument, at' this stage of our jurisprudence, that he would have had no standing as a mortgage creditor to contest the right of the bank to be paid by preference. If, by his acquisition he had obtained no subrogation of mortgage rights toward a contemporary mortgage, he could acquire none quoad a junior mortgage.
His position is that described in the case of Nicholls vs. His Creditors, 9 Rob. 476, in which the syllabus reads: “Payment of a note secured by mortgage by one not bound for it, and who had no interest in discharging it, will not subrogate him to the rights of the party to whom he paid. The payment will extinguish the debt and the mortgage given to secure it; and the claim for reimbursement will constitute the party who paid, an ordinary creditor of him for whose benefit the payment was made.” See also Fort vs. Union Bank, 11 An. 708; Hoyle vs. Cazabat, 25 An. 438; Seixas vs. Gonsoulin, 40 An. 357.
Our conclusion is therefore that the mortgage which originally secured the notes sued on by plaintiff was completely extinguished on the 21st of May, 1887; and that third opponent’s, -then the junior, mortgage is now the ranking mortgage affecting the property of the defendant company.
It is therefore ordered, adjudged and decreed that the judgment on appeal, in so far as it recognizes plaintiff’s alleged mortgage, be annulled, avoided and reversed; and it is now ordered that said mortgage be declared extinct, and that the executory process predicated thereon be annulled and set aside, with recognition of the rights of third opponent to proceed in the enforcement of his mortgage. And it is further ordered that said judgment be affirmed in other respects, at the costs of plaintiff and appellee in both courts.