## No. 12,381.

PERKINS BROS. ET ALS. VS. FERDINAND GUMBEL, LIQUIDATOR, AND THE SHERIFF.

The articles of the Code relative to the payment with subrogation have no reference to the purchase of promissory notes secured by mortgage. C. C., Arts, 2160, 2161; 9 Rob. 476; 13 An. 273.

The sale of the note secured by mortgage and privilege carries as accessories the privilege and mortgage. C. C., Art. 2615, and 2 La. 576; 13 An. 273.

APPEAL from the Tenth Judicial District Court for the Parish of Avoyelles. *Lafargue, J. ad hoc.*

---

*J. C. Cappel, Joffrion & Joffrion* for Plaintiffs, Appellees.

---

*G. H. Couvillon* and *Saunders, Miller, Smith & Hirsch* for F. Gumbel, Liquidator, Defendant, Appellant.

---

Argued and submitted February 17, 1897.
Opinion handed down March 29, 1897.

The opinion of the court was delivered by

MILLER, J. This case was before us on a previous occasion, and was remanded to enable the plaintiff to offer testimony in reference to one of the notes on which he sued. Coco vs. Gumbel, 47 An. 966.

There is a motion to dismiss the appeal, on the ground that the decree remanding the case restricting the issue to one of the notes for one thousand and eighty dollars, the amount involved on this appeal, is insufficient to give this court jurisdiction. But the contest of the plaintiff in the lower court is with other creditors of the defendant for payment from a fund exceeding two thousand dollars, derived from the sale on execution of his property, and the amount of the fund gives this court jurisdiction. Constitution, Art. 81.

The plaintiff, F. Gumbel, liquidator, sues on three notes, made by R. Coco, for ten hundred and eighty dollars each, maturing 1st of January, 1889, 1890 and 1891, to secure the payment of which there was the vendor's lien and special mortgage. Plaintiff claims to have acquired the notes by purchase from the original holder. Subsequently, the property became subject to other mortgages, and when the plaintiff sold the property under his judgment and execution, his right to the fund was disputed by the oppositions of the other creditors, on the ground that the notes had been paid, and thereby the plaintiff's mortgage and vendor's lien had been extinguished. Our previous judgment, on grounds unnecessary to be stated, freed the controversy from the objection that the third opposition claiming the proceeds was inconsistent with the denial of any mortgage. Our decree recognized plaintiff's mortgage and privilege for the note maturing in 1891, and as the testimony produced by the opponent tended to show payment, and the note maturing in 1890 had on its back "Received January 3, 1890, from Gumbel Bros. & Meyer, without recourse," signed by the agents of the original holder, we, at first, giving effect, as we thought, to the testimony, aided by the writing on the back of the note, held that note was paid. On the rehearing we remanded the case for proof as to plaintiff's demand on this note, maturing in 1890. The case comes back to us with additional testimony on the point at issue.

The only testimony offered to establish the payment alleged by the

opponents is that of the maker of the notes.   He  testifies that he'
requested plaintiff to  pay one of the notes,  maturing January, 1889,
given with the three notes sued upon to his vendor,  and it is shown
this note maturing in 1888 was paid.  Along with the testimony of the
witness that the notes sued upon were paid, is his answer in effect to
the question of the source of his knowledge, that they were paid un-
less " different from the first note."   It is plain his statement of the
payment of the notes sued upon is simply his inference based on the
payment by  plaintiff of the first note.   The  witness  very frankly
states he has no knowledge on the subject other than that he states.

The opponents, however, insist that the transaction  which plain-
tiff claims to have  acquired was a  payment.   By this is meant that
the plaintiff firm paid the money for  the notes to the agents of the
original holders.   But the  question is whether the  money was not
paid for the purchase of  the notes, as plaintiff  maintains.   The op-
ponents rely on the articles of the Code that require a subrogation to
the creditor's mortgage when he receives payment from a third per-
son, and on the line of decisious following the Code, that such pay-
ment, without subrogation,  extinguishes the mortgage.   Civil Code,
Arts. 2160, 2161;  Nicholls vs. His Creditors, 9 Rob. 476;  Washburn
vs. Green, 13 An. 332.   The articles of the Code, with reference to
payment and subrogation, have no reference to the purchase of notes
or other incorporeal rights.   The sale of  the note carries the mort-
gage and privilege securing it.   C. C., Art. 2615;  Moore vs. Louail-
lier, 2 La. 576;  Oakey & Hawkins vs. Sheriff, 13 An. 273.   The
plaintiffs  do  not  claim title by payment and subrogation.   They
allege title by purchase.   On that issue we have the writing on the
back of the note, " Received from Gumbel Bros. & Mayer " put on
it by the holder when he delivered it to the plaintiff.   It is consistent
with the purchase, or, at least not inconsistent with it.   In the light
of the testimony it is to be  viewed as an  acknowledgment of the
money received from plaintiff.   We have, too, the testimony of the
original holder of his impression the notes were purchased, naturally
not very distinct, with reference to a transaction years ago conducted
for him by an agent.   We have the accounts of plaintiff's factors of
the maker, in which the notes are not charged to him, the natural
course if they had been paid.   The agents of the original holder from
whom the notes were received are dead, but there is the positive
testimony of the plaintiffs that the notes were purchased and not

paid, the presumption too arising from the presentation of the notes by plaintiff.    3d Randolph on Commercial Paper, Sec. 1438.    In our opinion the plaintiff has supported his title to the note the subject for examination under the previous decree.

. We are asked to treat our decree, remanding the case as to one only of the notes in controversy, as an error.    The subject received our full consideration when the case was before us on the first appeal. On the testimony in the record we reached the conclusion our decree carried into effect.    The decree must stand.

It is therefore ordered, adjudged and decreed that the judgment of the lower court appealed from be reversed and avoided, and it is now ordered, adjudged and decreed that the oppositions be and they are hereby dismissed, claiming to be paid by preference over Ferdinand Gumbel, liquidator, out of the fund derived from the property sold by the sheriff, subject to said Gumbel's mortgage to secure the two notes of one thousand and eighty dollars made by Coco held by said Gumbel, maturing January 1, 1890, and 1891, and it is now ordered, adjudged and decreed that the proceeds of said property be paid by preference over said opponents to said F. Gumbel, liquidator, to the full amount of said notes, interest and costs, including five per cent. attorney's fees.

MR. JUSTICE BREAUX dissents.