9    42
44   395

9    42
52  1639

## JEAN CHARTIER *v.* POLICE JURY OF PLAQUEMINES.

It is not competent for the District Court, on the death of the plaintiff, to appoint a curator *ad hoc* to prosecute the suit

There can be no appeal from a judgment before it is signed. C. P. 546.

APPEAL from the District Court of the Parish of Plaquemines, *Rousseau*, J. *J. Bradford*, for plaintiff and appellant. *James Foulhouse*, for defen-dant.

VOORHIES, J. The judgment appealed from is not signed by the Judge. The record shows that it was entered on the minutes of the Court on the 21st of June, 1852; and that a motion for a new trial was made by the plaintiff. Beyond this, the evidence leaves us to conjecture. It appears afterwards, on the 20th of October, 1852, that the plaintiff's death was suggested by his coun-sel, on whose motion the Court appointed a curator *ad hoc* to prosecute this suit to final judgment. The curator *ad hoc* thus appointed, presented a peti-tion to the Judge *a quo*, and obtained the order for this appeal.

The cases in which curators *ad hoc* may be appointed by Courts to represent parties in suits, are enumerated and specially provided for by law. We are not

43

prepared to say that this is one of the cases in which it may be done. In the case of *McManus* v. *West*, (18 L. R. 41,) where a similar appointment was made, the Court said: " As the plaintiff's death was suggested, and not being denied, it must be taken as true. It, however, does not justify the appoint-ment of a curator to his heirs. If they were within the State, no curator could be appointed to them; and if absent, the Court of Probates possesses the exclu-sive power to make the appointment. Code of Practice, Art. 924, No. 4. The appointment being irregular, all the posterior proceedings contradictorily with him are equally so." The article referred to declares, "that Courts of Probate have exclusive power: 4. To appoint curators to vacant estates and absent heirs." That power is now vested in the District Courts, and most clearly has no application to the appointment of curators *ad hoc*. According to the principle thus laid down, we think it is obvious, that the curator *ad hoc*, in this case, cannot stand in judgment, as the legal representative of the heirs of the succession of *Jean Chartier*, deceased.

There is another objection which we consider equally fatal to the appeal. It has been repeatedly held by our predecessors, that, under the 546th Article of the Code of Practice, no appeal lies from a judgment before it is signed. We are, therefore, of opinion, that the dismissal of the appeal in this case is una-voidable.

It is therefore ordered, adjudged and decreed, that the appeal in this case be dismissed at the appellant's costs.