## M. WHITE *v.* C. BAILLIO et al.

Where husband and wife make a note during the coverture, judgment cannot be obtained against the wife, where there is no proof that she was not separate in property, and no evidence to show that the consideration enured to her benefit.

APPEAL from the District Court of St. Landry, *Dupré, J.*
*T. H. Lewis* and *Porter*, for plaintiff. *J. E. King*, for defendants and appellants.

MERRICK, C. J. This suit was brought against *Cordie Baillio*, wife of *Appolinaire Baillio*, *Thomas C. Anderson* and *Thomas M. Anderson*, upon the following instrument, viz:

"WASHINGTON, LA., April 9, 1851.

$2,500. Twelve months after date, please pay to the order of *Thomas C. Anderson & Co.*, twenty-five hundred dollars, for value received, and charge to account of Cora plantation, and oblige yours respectfully.

(Signed)　　　　　　　　　　　　CORDIE BAILLIO.
　　　　　　　　　　　　　　　　　APPOLINAIRE BAILLIO.

To *Messrs. Maunsel, White & Co.*, New Orleans."

(Endorsed)　　"THOMAS C. ANDERSON & Co."
(Accepted)　　"MAUNSEL, WHITE & Co."

The plaintiff alleged, in his petition, that the defendant, *Cordie Baillio*, is separate in property from her husband; that the "Cora" plantation is hers, and said draft was accepted for accommodation, and the money paid on account thereof, enured to her benefit and advantage, as owner of that plantation. There was judgment by defendant, in favor of the plaintiff, against all the parties to the draft *in solido*. On the trial, or the making final of the judgment by default, no proof was adduced that the defendant, *Cordie Baillio*, was separate in property from her husband, or that the proceeds of the draft enured to the benefit of her separate estate. She appealed.

The judgment, by default, did not dispense with the proof that the draft enured to the benefit of her separate estate. C. P. 312. For, the case in which the wife may be responsible upon her obligations, is exceptional to the presumption established by Art. 2372, C. C., 'that the debt was contracted on account of the community, and to Art. 2412, of the Civil Code, which declares that "the wife, whether separated in property by contract or by judgment, or not separated, cannot bind herself for her husband, nor conjointly with him for debts contracted by him before or during the marriage."

The judgment of the District Court therefore, so far as it affects the appellant must be reversed.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court, as to the said *Cordie Ballio*, wife of *Appolinaire Ballio*, be avoided and reversed, and that there be judgment in her favor and against the plaintiff or his said demand, as in case of nonsuit. And it is further ordered, that the plaintiff and appellee, pay the costs of both courts.