VICKSBURG, SHREVEPORT AND TEXAS RAILROAD COMPANY *v.* T. P. HAMILTON.

Whenever the contest between the defendant and his warrantor puts at issue the defendant's *right* to recover of the warrantor a sum exceeding three hundred dollars, although the demand of the plaintiff and the actual demand in warranty be less than three hundred dollars, the Supreme Court will have jurisdiction over defendant's demand against his warrantor.

In the country parishes judgments are only signed at the end of the term; and orders of appeal granted between the time of rendition of the judgment and signing by the District Judge, are not premature.

In order to establish a valid contract, it should appear that the offer was not only seriously made, but accepted.

APPEAL from the District Court of the Parish of Claiborne, *Egan*, J.

*J. W. Thomasson*, for plaintiff. *W. J. Stirling*, for defendant. *McGuire & Ray*, for warrantor and appellant.

LAND, J. The defendant was sued for the sum of $281 25, the amount of certain installments due on his subscription to the stock of the railroad company. He confessed, in his answer to the petition, the plaintiff's demand, and called in warranty *Sack P. Gee*, and prayed for judgment over against him for the amount admitted to be due the plaintiff. The ground of the call in warranty is, the alleged promise of *Gee*, who was acting as the agent of the company, to pay out the stocks, and take a transfer of the same to himself, at the time the subscription to the stock of the company was made by the defendant.

There was judgment in favor of plaintiff, and judgment in favor of defendant over against the warrantor, *who has alone appealed.*

The defendant has filed a motion to dismiss the appeal, on the following grounds, to-wit:

1st. Because the amount in dispute does not exceed three hundred dollars.

2d. Because the appeal was granted before the judgment had been signed in the lower court.

As to the first ground, it appears that the defendant subscribed to the stock of the company, six hundred and twenty-five dollars, in shares of twenty-five dollars each, to be paid on calls to be made by the president and directors of the company; and that this suit was instituted for the recovery of less than one-half of the amount of the defendant's subscription to the stock of the company. The defendant's call in warranty puts at issue *his right* to recover of *Gee the whole amount of the stock subscription*, that is to say, the sum of six hundred and twenty-five dollars, notwithstanding the demand in warranty is only for a part of it, to-wit, the sum of $281 25, the amount claimed by the plaintiffs. The controversy between the defendant and warrantor was thus made to cover an amount exceeding three hundred dollars, and was thereby brought within the jurisdiction of this court. See *Williams* v. *Vance*, 2 An. 909.

As to the second ground for the dismissal of the appeal, it is only necessary to remark that, in the country, judgments are only signed at the end of the term, and that orders of appeal granted between the time of the rendition and signing by the District Judge, are not premature. *McGregor* v. *Barker*, 12 An. 289.

On the merits, we are of the opinion, that the evidence is insufficient to establish a valid contract between the defendant and *Gee*, which could have been enforced by an action at law.

66

V., S. & T. R. R.
v.
HAMILTON.

There is no proof that the defendant accepted the offer of *Gee*, and acted on the faith of it, at the time of his subscription to the stock of the company ; nor is there proof of *Gee's* acknowledgment of his legal liability to pay the amount of stock subscribed by the defendant, at any time subsequent to the subscription. As was said in the case of the plaintiffs against *Terry*, 13 An. 419, " *it should appear that the offer was not only seriously made, but accepted.*"

The judgment as between plaintiffs and defendant, we do not consider before us, on this appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment as between the defendant and the warrantor, *Sack P. Gee*, be reversed ; and it is now decreed, that there be judgment in favor of the warrantor, with costs in both courts.