## No. 234.—ALLEN GREEN v. J. G. HUEY, Sheriff, et al.

It being the custom in the country parishes of the State for the judge to sign all judgments on the last day of the term, an appeal will not be dismissed because it was granted before the judgment was signed, if the judgment, as appealed from, has been signed afterward by the judge.

An injunction that has been issued by the parish judge, acting in the place of the district judge, will not be dissolved on that ground, if it be shown that the district judge was absent from the parish at the time.

The amount of the bond to obtain an injunction to stay the execution of a judgment must be fixed by the judge who grants the order.

In an injunction suit, the surety on the bond is a party to the suit, and is bound by the allegations in the petition, the affidavit, etc., the same as the principal

APPEAL from the Eleventh Judicial District Court, parish of Jackson. *J. W Pierson* (attorney at law), judge *ad hoc. Richardson & McEnery* and *John Ray*, for plaintiff and appellant. *J. & J. W. Young*, for defendants and appellees.

TALIAFERRO, J. C. Yale, Jr. & Co. having issued execution against John G. Randle & Co. upon a judgment rendered against that commercial partnership in 1858, and caused to be seized by the sheriff certain lands, the property of Allen Green, who had been one of the partners of the firm of John G. Randle & Co., Green sued out an injunction to stay the execution, alleging several grounds why the judgment of C. Yale, Jr. & Co. should not be executed, and chiefly that the judgment was prescribed by the lapse of more than ten years from its rendition before the issuance of the execution, the judgment not having been revived according to law to continue it in force.

The defendants in injunction moved to dissolve the writ, and assigned the following grounds:

*First*—That the parish judge who issued it was without power *ratione materia* to do the act.

*Second*—That the bond is insufficient in amount.

*Third*—That the parties executing the bond are not bound jointly and severally, and they can not be condemned *in solido* in damages.

*Fourth*—That the bond is further defective for the reason that it does not set forth what proceedings of the sheriff the injunction is directed against.

There was judgment in the lower court dissolving the injunction, the judge *a quo* considering the bond insufficient in amount. The plaintiff appealed.

There is a motion to dismiss the appeal on the ground that it is premature, the appeal having been taken before the judgment became definitive by the signature of the judge. We think this is not a sufficient reason for dismissing the appeal. Our predecessors so decided in a case found in 12 An. 289, predicating their decision upon the general custom in the country of signing judgments on the last day of the term, deeming it sufficient that the appeal be taken at the same term of the court. To this view of the question we incline to adhere. See also 15 An. 521. The motion to dismiss is therefore overruled.

Recurring to the grounds of the motion to dissolve

*First*—It is shown by affidavit that the district judge was absent from the parish at the time the parish judge rendered the order for the injunction.

*Second*—The amount fixed by the order of the parish judge for which the bond was to be given is $5000. For this amount the bond was given, and being for a stay of execution, we think the plaintiff complied with the law in executing his bond for the amount fixed by the judge. C. P. article 304.

*Third*—In becoming obligors on judicial bonds, the parties contract in reference to the law. C. P. article 304; 1 An. 157

*Fourth*—The surety is a party to the suit, and his obligation is regulated by the petition, affidavit, order of the judge, etc., and any descriptive omission in the bond is cured by reference to them. 12 An. 68; 15 An. 465. The bond being among the papers with the title and number of the suit upon it, shows sufficiently what proceedings of the sheriff are enjoined.

It is apparent from the record that the plaintiff would be entitled to another injunction if this should fail through informality.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the injunction be perpetuated, the defendants and appellees paying costs in both courts.