## No. 766.

### EDGAR MOUTON *v.* ZENON BROUSSARD.

| | |
|---|---|
| 25 | 497 |
| 125 | 315 |

Where, on the verdict of the jury being rendered, the defendant moved for a new trial, which was refused, and an appeal was then asked for and· granted, and the appeal bond filed, all prior to the date of the judgment as entered on the minutes of the court, in consequence of ·which a motion was made to dismiss the appeal on the ground that it ·was premature, having been applied for and granted before the judgment was rendered, and that the bond is defective and without force, because it was given before the judgment was rendered;

Held—That the judge *a quo* having entertained the motion for a new trial and refused to grant it, the defendant may well have considered that the verdict of the jury was adopted as the judgment of the court as of that date. A new trial having been refused, there remained nothing further for the court to do but render a judgment pursuant thereto, and under the mode of procedure in the country, the appeal may be considered as taken *nunc pro tunc.*

The granting of the appeal at the time was an irregularity that does not authorize the dis-· missal of it.

Where the plaintiff had been allowed to explain by parol the circumstances attending the seizure of which he complains, it was competent for the defendant to produce rebutting evidence in relation to the facts ·connected with the seizure, which did not tend to con-tradict, vary, or alter his written return on the order.

APPEAL from the Sixteenth Judicial District Court, parish of La-fayette. *Mouton,* J. Jury trial. *Felix Voorhies, Ed. Eugene Mou-ton, E. Simon,* and *J. E. Mouton,* for plaintiff and appellee. *DeBlanc & Fournet,* for defendant and appellant.

TALIAFERRO, J. A motion is made to dismiss this appeal on the grounds that the appeal is premature, having been applied for and granted before the judgment was rendered, and that the bond is defective and without force because it was given before the judgment was rendered.

The case was tried before a jury, and when the verdict was ren-dered the defendant moved for a new trial which was refused. An appeal was then asked for and granted, and the appeal bond filed— all prior to ·the date of the judgment as entered on the minutes of the court.

The judge having entertained the motion for a new trial and refused to grant it, the defendant may well have considered that the verdict of the jury was adopted as the judgment of the court as of that date. A new trial having been denied, there remained nothing further for the .court to do but to render a judgment pursuant thereto, and under the mode of procedure in the country, the appeal may be considered as taken *nunc pro tunc.* 12 An. 289, 596; 15 An. 521 ; 23 An. 704. The granting of the appeal at the time was an irregularity that does not .authorize the dismissal of it.

. The motion is overruled.

### ON THE MERITS.

The plaintiff alleges that the defendant caused him damages to the amount of fifteen hundred dollars by illegally seizing, under execution

·32

issued against other parties, the plaintiff's growing crop of the year 1871, by which illegal act he was compelled to abandon his cultivation and suffer the loss of his crop, being about eight arpents and a half of cane and about seven and a half arpents of corn. The answer is a general denial. The case was tried before a jury, and a verdict rendered in favor of the plaintiff for the amount claimed. The defendant has appealed. The facts of the case seem to be that the defendant, a mortgage creditor for a large amount, of Adelina Broussard and Sevigne Broussard, proceeded *via executiva* to seize and cause to be advertised for sale a plantation belonging to his debtors " with all their right, title, interest and demand in the sugar, cotton and corn crops on said plantation." The plaintiff, it seems, was lessee of part of the plantation seized, and was cultivating the leased portion when the seizure was made, the other portion being in cultivation by the owners.

The controversy turns upon the single question whether the plaintiff's crop growing upon the mortgaged premises was embraced by the seizure. The plaintiff and Adelina Broussard say in their testimony that when the deputy sheriff made the seizure he was informed that the plaintiff had his crop on the land, and that inquiry was made of him if the whole crop on the plantation was seized, to which he replied, that it was none of the plaintiff's business, and that if he had any right to the crop seized, he had to go to St. Martinsville, and there make his claim. The sheriff's return on the order of seizure recites clearly that with the land, " all the right, title, etc., of Adelina Broussard and Sevigne Broussard in the sugar, cotton and corn crops on said plantation " were seized.

The deputy sheriff was introduced by the defendant as a witness to prove the manner in which he made the seizure. Objection was made on the ground that his parol statement was not the best evidence the case admitted of, and that his testimony was inadmissible to contradict, vary, or explain the terms of a written instrument, etc. The objection was overruled and a bill of exceptions reserved. We think the reasons of the judge for admitting the evidence are satisfactory. The plaintiff had been allowed to explain by parol the circumstances attending the seizure, it was competent for the defendant to produce rebutting evidence in relation to the facts connected with the seizure, which do not tend to contradict, vary, or alter his written return on the order. His testimony is that he did not seize the defendant's crop, and that he so informed Adelina and Sevigne Broussard at the time; that his instructions to the keeper he left in charge of the plantation were positive that they should not in any manner impede or trouble the lessees in their work on their crop in the plantation.

No interference was made with the Broussards in their cultivation,

and they continued to work their crop. The instructions given to the sheriff by the attorney of the seizing creditor were to seize only the debtor's property and their interest in the crop. He seized the property pointed out by the debtor and mentioned in the notice of seizure. The plaintiff fails entirely to show that he was in any manner interfered with in the cultivation of his crop. His abandonment of his crop seems to have been an act entirely uncalled for, and in no manner caused by any act of the defendant.

We think the decree of the lower court erroneous.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed.

It is further ordered, that there be judgment in favor of the defendant, the plaintiff and appellee paying costs in both courts.