## No. 6753.

### BERTRAND SALOY vs. AMOS S. COLLINS.

A judgment of the lower court which dissolves an injunction, and which passes definitively on all the essential points at issue between the parties, is a final judgment from which an appeal will lie to this court.

But a judgment is incomplete until signed by the judge who rendered it, and hence, until thus signed, this court can not take cognizance of an appeal from it.

APPEAL from the Second District Court, parish of Orleans. *Pardee,* J.

*Charles E. Schmidt* for plaintiff and appellee.

*Cullom & Castellanos* for defendant.

The opinion of the court was delivered by

MARR, J. Under a writ of seizure and sale the sheriff of the parish of Orleans advertised and was about to sell the mortgaged property, when Collins, the mortgagor, obtained an injunction, on the ground that, either the judge who granted the order was without jurisdiction or the civil sheriff of the parish of Orleans was without power or authority to execute the writ.

Saloy, the seizing creditor, moved the court to set aside and dissolve the injunction, with damages and costs, on the grounds:

First—That the injunction bond was irregular, and insufficient.

Second—That the surety on the bond was not good and solvent.

Third—That the petition for injunction, on its face, discloses no cause of action, and no right to the relief prayed for.

The judge gave his reasons at length, and signed them, for his judgment; and on the same day, rendered judgment dissolving the injunction, with twenty per cent damages, and costs; and Collins appealed.

The judgment which we find in the record is copied from the minutes. It is not signed, nor is there any evidence or indication in the record that it was actually signed.

The sole purpose of the injunction suit was to arrest the proceedings under the writ of seizure and sale, on the grounds stated in the

petition. The judgment dissolving the injunction, with damages and costs, decided all the points in controversy between the parties; and it was, therefore, a final judgment; C. P. article 539 ; which the law required the judge to sign.  C. P. art. 546.

This court has jurisdiction of appeals from final judgments, C. P., art. 565, and of such interlocutory judgments as may cause irreparable injury.  Art. 566.  But an interlocutory judgment, which need not be signed, is merely a decision on preliminary matters, which still leaves the merits to be disposed of by the definitive judgment.  C. P. art. 538.

No appeal lies from a definitive judgment until it is signed.  The appeal, therefore, in this case was premature, and this court is without jurisdiction to entertain it, or to make any further inquiry touching it.

The appeal therefore is dismissed with costs.  .