## No. 9658.

### THE STATE OF LOUISIANA VS. ALEXANDER BALIZE.

1. Where, in country cases, appeals are taken before judgments are signed, they may be considered as taken *nunc pro tunc*. 12 Ann. 596, State vs. McKeown.

2. Appeals prosecuted from judgments on forfeited bonds are treated as taken in "criminal matters" in the sense of Act 30 of 1878. State vs. Cassidy, 7 Ann. 276; State vs. Williams, 37 Ann. 200.

3. When the return day is fixed by the court on its own motion and not at the suggestion of appellant's counsel, though in direct violation of Act 30 of 1878, the fault is not imputable to the appellant and he cannot be prejudiced thereby.

4. An appearance bond taken by the sheriff, without an order of court admitting the accused to bail, or fixing the amount of bond is *null*. 6 Ann. 700, State vs. Longineau; 12 Ann. 224, State vs. Cravey; 12 Ann. 349, State vs. Smith; 10 Ann. 532. State vs. Gilbert.

5. When the record enables the court to decide on the merits, either party may, at any time, refer the court to any error *apparent* on the face of the record, without making a formal assignment thereof.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess*, J.

*M. J. Cunningham*, Attorney General, and *L. D. Beale*, District Attorney, for the State, Appellee.

*G. W. Buckner* and *Rouse & Grant* for Defendant Appellant.

### ON MOTION TO DISMISS

The opinion of the Court was delivered by

WATKINS, J. This appeal is prosecuted from a judgment of forfeiture of an appearance bond, bearing date 20th of July, 1885, whereon "Alexander Balize as principal and Tim Duggan as security on said

bond, are adjudged to pay in *solido* the sum of one hundred dollars to the State.

In this Court a motion is made to dismiss the appeal upon the ground:

1st.   That the appeal was taken before the judgment was signed.

2d.   That it was not made returnable within ten days after the order of appeal was granted; and was not made returnable to this Court when it was then sitting, through the fault of the appellant.

1st.   The record discloses that the judgment *nisi* was rendered on the 16th of June, 1885, forfeiting the bond; on the 8th of July following the order of appeal was granted in the following words, viz:

"In this case, on motion of defendant's counsel, on forfeited bond, it was ordered by the court that defendant be allowed a suspensive appeal from the judgment of this court, by his furnishing a bond in an amount according to law, returnable before the honorable, the Supreme Court of the State of Louisiana, in New Orleans, on the second Monday of February, 1886."

The judgment of forfeiture was signed on the 20th of July, 1885, and it is commenced with the words: "This case was *this day* called up and defendant, Alexander Balize, failing to appear and answer, etc."

The minutes of the court, the order of appeal, and the judgment itself, fully demonstrated its error, and that the judgment was actually rendered on the 16th day of June, 1885, and during same term of court.

In State vs. McKeown, 12 Ann. 596, the Court said: "We are of opinion that this motion ought not to prevail. It is usual in the country to apply for an appeal before the judgment is signed. Tne appeal is considered as being taken *nunc pro tunc.*"  23 Ann. 705; 15 Ann. 521; 25 Ann. 497.

We approve that ruling.

2d.   It will appear from the minutes of the court above quoted that the appeal was not made returnable *within* ten days after the order of appeal was granted; and the question to be determined is whether same was attributable to the appellant or not.

This is a criminal case in the sense of Act 30 of 1878.   State vs. Cassidy, 7 Ann. 276; State vs. Williams, 37 Ann. 200.

In State vs. Jenkins, 36 Ann. 866, this Court said:  "The return day fixed was in gross violation of Act 30 of 1878, which requires appeals in criminal cases to be made returnable within ten days after granting the order of appeal, whenever the Supreme Court may be in session on the return day."

"The error is unquestionably fatal to the appeal unless saved by the provisions of Act 53 of 1836, now section 360 of Revised Statutes, which

provides in substance, that such error shall not occasion the dismissal of the appeal unless imputable to the fault of the appellant."

In that case the counsel for the accused prepared and signed a *written* motion of appeal, in which was suggested the improper return day, and the appeal was granted *as prayed for in the motion*.

It is the settled jurisprudence that when the *appellant suggests* an improper return day, and the judge granting the order of appeal, adopts the appellant's suggestion and fixes the return day accordingly, the error is attributable to the appellant, and the appeal will be dismissed. State vs. Jenkins, 36 Ann. 866; State ex rel. Lee & Co. vs. Allen Jumel, 35 Ann. 980, and cases therein cited; Wooten vs. LeBlanc, 32 Ann. 692.

We find in the brief of appellee's counsel the suggestion that the sessions of this Court at Shreveport and Monroe have transpired since this appeal was granted, and that the appellant has ignored same.

In quite a similar case this Court held that, "an appellant should not be prejudiced by an error committed by the *judge* in fixing the return day of appeal," quoting with favor Chaffe vs Haynor, 31 Ann. 595.

In that case the Court said: "It is alleged herein that the defect is imputable to the appellant, because the motion is *written by his attorney* and the day is fixed therein, and the judge merely adopted the day thus fixed. An order of court, whether written by the attorney of one of the litigants, or by the clerk, is the act of the judge. * * * It was the judge who made the order of appeal, and who named an improper day for its return, and the appellant cannot be prejudiced by the act.

This record discloses no written motion of appeal prepared by the counsel for the accused. The minutes of the court recite: "In this case, on motion of defendant's counsel on forfeited bond, it was *ordered by the court* that defendant be allowed suspensive appeal, etc."

Clearly, it was the judge who made the order of appeal, and not the counsel of the accused who suggested it, and the motion to dismiss the appeal is denied.

---

### ON THE MERITS.

We find in the transcript no bill of exceptions, and there has been no assignment of errors filed in this Court. The only grounds upon which the appellant relies are stated in his counsel's brief and they can only prevail if the defects complained of appear upon the face of the papers, and are in themselves sufficient in law to justify the reversal of the judgment. They are as follows, viz:

State vs. Bazile.

. 1st. There is a fatal variance between the charge contained in the information and that recited in the appearance bond forfeited.

2d. That the record does not show that the accused was released under bond in pursuance of an order of the judge, and that said bond is utterly void.

'There is no merit in the former objection as we find that the crime denounced in the information is an assault on Anthony Scott "by wilfully shooting *at* him," and the crime recited in the appearance bond is the same—but the latter is more serious.

An appearance bond taken by the sheriff *without an order of court* admitting the accused to bail, or fixing the amount of the bond, is null. 6 Ann. 700, State vs. Louzineau; 12 Ann. 224, State vs. Craig; 12 Ann. 349, State vs. Smith; 10 Ann. 532, State vs. Gilbert.

There is nothing in the record to show that the trial judge made any order admitting the accused to bail or fixing the amount of the appearance bond; and the certificate of clerk of the court *a qua* is to the effect that the record contains "a full true and complete transcript * * of all the proceedings had and of all the documents filed in the case," etc.

It has been frequently held by this Court, that when the record enables this Court to decide on the merits, either party may, at any time, *refer the court to any error apparent on the face of the record*, without making a formal assignment. State vs. Bank of La., 5 N. S. 327; State vs. Bonder, 14 La. 368; Wood vs. Henderson, 2 Ann. 220; Hicstand vs. New Orleans, 14 Ann. 137; State vs. Henderson, 13 Ann. 489; Bossier vs. Carrodine, 18 Ann. 261.

This, counsel for the accused has done, and the defect complained of is fatal, as it discloses the nullity of the bond forfeited.

It is, therefore, ordered, adjudged and decreed, that the judgment of forfeiture appealed from be avoided, annulled and reversed, and that all costs be taxed against the plaintiff and appellee.

---

### DISSENTING OPINION.

Poché, J. In my opinion, the appeal in this case should have been dismissed, and in support of my conclusion, I submit these considerations:

"The order of appeal reads as follows:

"In this case, on motion of defendant's counsel on forfeited bond, it was ordered by the court that defendant be allowed a suspensive appeal from the judgment of this Court by his furnishing bond in an amount according to law." * * *

The bond was furnished by the surety on the appearance bond alone and the point in contention is to ascertain who is the appellant in the case.

The accused is the only defendant in this case, or in the judgment of forfeiture; no construction founded on law could justify the conclusion or even the inference that the surety on the appearance bond is the defendant in a criminal prosecution.

Hence, it follows that, the party who has furnished the appeal bond in this case, is not a party to the appeal.

His bond is, therefore, valueless as a factor in the appeal.

If the accused, who is the real and only defendant in the case, is held up as the appellant before us, the position is not fortified because he has furnished no bond of appeal.

While it is true that appeals like the one under discussion fall under the jurisdiction of the Supreme Court, as incidents to the main action; the criminal prosecution, when from the nature of the penalty attached to the offense charged, the case is appealable, it is equally apparent that the accused, in an appeal from a judgment of forfeiture, is not entitled to the immunity from furnishing an appeal bond, resulting from the provisions of Act No. 30 of the General Assembly of 1878. State vs. Williams, 37 Ann. 200.

Under that legislation the immunity from furnishing an appeal bond applies exclusively to cases of appeal from a *sentence*, and it is too clear for argument that it cannot be extended to an appeal from a moneyed judgment.

This proposition is very ably and tersely stated in the brief of appellant's counsel, in an argument on another ground of dismissal urged by the Attorney General. Referring to Act No. 30 of 1878, they say:

"But the benefit and the restriction are both limited to persons appealing from a sentence. That it does not apply to moneyed judgmets upon appearance bonds, is evident from the fact that it makes all appeals from a sentence, whether imposing a fine or imprisonment, suspensive without bond."

The condition of the present appeal is illustrated by the following dilemma: If the defendant is the appellant, the appeal falls for want of an appeal bond; if the surety on the appearance bond prosecutes the appeal, the latter falls for want of an order of appeal.

The appellant seeks relief under a technicality, and it was meet and proper that he should have been met with the same weapon.

I therefore dissent from the ruling which maintains his appeal, and I take no part in the opinion and decree on the merits.

The Chief Justice concurs in this opinion.