On Motion to Dismiss.
LAND, J.
This is a suit to recover $5,000 damages for public defamation.
The petition alleges that the plaintiffs are partners in a mercantile business carried on near Laplace, in the parish of St. John the Baptist; that defendant and his xiartners conducted a similar business in the immediate vicinity; that- in August, 1909, defendant’s storehouse was destroyed by fire; that on sundry occasions the defendant publicly, falsely, and maliciously declared that the liiaintiffs had set fire to his said storehouse; and that such unfounded accusations had damaged the plaintiffs jointly in their reputation and credit in the sum of $5,000.
Defendant filed an exception of misjoinder of parties plaintiff, on the ground that each of them should have instituted a separate action. This exception was maintained, and the suit was dismissed. Plaintiffs appealed.
Defendant has moved to dismiss the appeal on several grounds which may be stated as follows:
(1) That the damages claimed were inflated and magnified in order to give the Supreme Court jurisdiction of the ease, or, in other words, that it appears from the allegations of the petition that the damages alleged to have been suffered were less than $2,000,
The entire sum claimed is the matter in dispute. Armstrong v. Railroad Company, 46 La. Ann. 1448, 16 South. 468. A charge of the crime of arson is well calculated to damage the reputation and credit of any person, and the quantum of damages in such cases is left to the sound discretion of the jury or of the court. Hence, there being no-standard or measure of damages in such a case, we are not prepared to say that the demand of the xilaintiffs is fictitious, or was inflated for the purpose of giving this court jurisdiction.
(2) That the judgment is illegal, because rendered and signed on the same day, in contravention of article 117 of the Constitution of 1898.
As we read the minutes, the judgment -was rendered on December 20, 1909, and was read and signed on December 30, 1909. In the country parishes, judgments are «.often rendered orally and briefly noted on the minutes, and afterwards drafted and read and signed in open court.
We are not prepared to say that a judgment rendered, read, and signed in open *345 court on the sume day is an absolute nullity. Article 117 of tlie Constitution of 1S98 was provisional, and it Ras since been provided by law that judgments rendered by district courts “shall be signed within three days from the date of the rendition of such judgments.” Act 40 of 1004, p. 76. The purpose of the lawmaker was to expedite the signing of judgments.
It has been held that the premature signing of a judgment is not assignable as error. Opothlarholer v. Gardiner, 15 La. 515, citing Weathersby v. Hughes, 7 Mart. (N. S.) 233. A judgment signed prematurely, pending a motion for a new trial, is to be considered as suspended. Succession of Gilmore, 12 La. Ann. 663.
It has been held in a number of cases that an appeal taken after rendition, but before signature, of judgment, is not premature, where the judgment is signed at the same term. McGregor v. Barker, 12 La. Ann. 289; Vicksburg, S. & T. R. Co. v. Hamilton, 15 La. Ann. 521; Green v. Huey, 23 La. Ann. 705; Mouton v. Broussard, 25 La. Ann. 497; State v. Balize, 38 La. Ann. 543.
Hence, if the judgment in question was prematurely signed, its effect was suspended until the next day, and the appeal was not premature because taken one day before the judgment became effective.
Irregularities of this kind are cured by article 898 of the Code of Practice.
It is therefore ordered that the motion to dismiss be overruled.