On Motion to Dismiss Appeal.
MONROE, C. J.
The judgment appealed from was rendered on January 14, and signed on December 18, 1918, and, on the day last mentioned, plaintiff moved for and obtained an order for a devolutive appeal returnable to this court on January 6, 1919, which was perfected by the filing of a bond, on December 31, 1918, and the transcript was lodged in this court on the return day.
Defendant moves to dismiss the appeal on the ground that the judgment “was rendered on the 14th of January, 1918, and signed on the 18th of January, 1918,” and that the appeal, taken at a subsequent term of the court, should have been, but was not, taken by petition, with citation to the appellee.
The error in the motion to dismiss, as to the date upon which the judgment was signed, was, no doubt, attributable, in part at least, to the fact that, on January 10, 1919, plaintiff filed in the trial court a petition (a copy of which is annexed to the motion), in which it is alleged:
“That on December 18, 1918, your petitioner prayed for a devolutive appeal from the judgment, * * * dated January 14, 1918, and signed December 18, 1918; that said appeal was made by motion in open court, at a term of court subsequent to that in which the judgment appealed from was rendered; that petitioner failed to pray for citation of appeal and service upon defendant,” etc. — which allegation, with others, is followed by a prayer for citation, etc.
[1-3] It appears from the record, however, that the petition was founded in error, both of fact and law, since the judgment was rendered and signed on the dates as first above stated; and, in any event, having been signed on December 18, 1918, the appeal was properly taken by motion on that day. It is true that the Code of Practice declares (article 573) that—
“Whoever intends to appeal, may do so either by petition, or by motion in open court at the same term at which the judgment was rendered,” etc.
But it also declares (article 546) that “the judge must sign all definitive or final judgments rendered by him,” and that (article 565) “one may appeal from all final judgments *1007 rendered in causes in which an appeal is given by law,” etc., and (article 566) “from all interlocutory Judgments” when they may cause him irreparable injury. It. is well-settled jurisprudence that no appeal lies from an unsigned judgment (State ex rel. Dixon v. Judge, 26 La. Ann. 119; Saloy v. Collins, 30 La. Ann. 63; Hauch v. Drew, 116 La. 488, 40 South. 847; Mitchell v. Shreveport Creosoting Co., 123 La. 958, 49 South. 655); that a judgment dismissing a suit on the ground that the petition discloses no cause of action (which is the case here presented) is a “final judgment” and must be signed (Nicholls v. Maddox, 52 La. Ann. 497, 26 South. 994); and that an appeal by motion is allowed when the motion is filed at the term at which the judgment was signed, though rendered at a previous term (Mechanics’ & Traders’ Bank v. Walton, 7 Rob. 451; Sackett, Grymes & Co. v. Attaway, 11 La. Ann. 181; Consolidated Association v. Mason et al., 24 La. Ann. 518).
The motion to dismiss the appeal is therefore overruled.