(97 South. 793)

No. 24307.

FRANKE v. SHAW et al.

(Oct. 22, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⟾123—No appeal lies from a judgment not signed by the judge.

While, in view of Code Prac. art. 544, all judgments, whether interlocutory, final, or definitive, must be entered on the minutes with *the dates of their rendition,* every definitive or final judgment must be signed by the judge as required by article 546, and, until so signed, it is incomplete, and no appeal lies therefrom.

2. **Appeal and error** ⟾494—Appeal dismissed where no copy of judgment appears in transcript.

Where there is no copy of the judgment appealed from in the transcript, the appeal will be dismissed.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by S. U. Franke against J. A. Shaw and others, with plea in reconvention by defendants. Judgment for plaintiff for damages and for defendants in reconvention. New trial denied, and plaintiff appeals. On motion to dismiss. Appeal dismissed.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

Modisette & Adams, of Jennings, and Crain, Benoit & Jackson, of Shreveport, for appellees.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

### On Motion to Dismiss.

ROGERS, J. Plaintiff sued the Tola Producing & Refining Company, Inc., and J. A. Shaw, individually, and as president of said company, to compel the transfer to him on the books of the company of 2,500 shares of its capital stock, and for $1,500 as damages for the refusal to make said transfer. Plaintiff alleged the aquisition of the stock from one T. A. Glass. The suit for damages was instituted against the defendants in solido.

Defendant Shaw filed an exception of no right or cause of action. Defendant Tola Producing & Refining Company, Inc., answered, admitting the issuance of the stock to Glass, and setting up special defenses to plaintiff's demand. By way of reconvention, defendant claimed $2,000 from plaintiff as the balance due on the stock.

The minutes of the court show, February 7, 1920, exception of no cause of action sustained; July 14th, judgment for plaintiff for $1,500 damages, and judgment for defendant in reconvention for $2,000; July 17, 1920, motion for new trial filed; July 19, 1920, argued and submitted on briefs to be filed; July 24, 1920, motion for new trial overruled; July 28, 1920, motion for appeal filed, and appeal granted, returnable to this court September 20, 1920; devolutive bond $200; suspensive bond according to law.

Appellee has moved to dismiss the appeal on the ground that the judgment appealed from is not signed by the judge who rendered it. Appellant has answered the motion to dismiss, averring that the record shows a final judgment, read, signed, and filed on February 6, 1920, dismissing his suit against J. A. Shaw on an exception of no cause of action, and "that he is entitled to have said appeal considered and heard, in so far as the final dismissal of his suit against J. A. Shaw is concerned," for which reason he urges the denial of the motion.

The case is submitted upon the motion to dismiss and the answer thereto. Neither party has filed a brief.

The so-called judgment dismissing plaintiff's suit as against J. A. Shaw on an exception of no cause of action, referred to in appellant's answer to the motion to dismiss, is not a judgment at all, but merely the written reasons of the judge showing why the exception should be sustained. While the minute entry shows the entering of such judgment, it does not affirmatively appear from the record that any such judgment was written and signed by the court.

The motion for appeal, however, on its face discloses that it was not taken from the so-called judgment sustaining the exception of no cause of action, but that it was taken from the judgment rendered on the reconventional demand. Beyond the entry on the minutes of July 14, 1920, there is no evidence that any such judgment was rendered, and there is no proof at all that any such judgment was written and signed. There is no copy of the judgment in the record, and we take it that its absence therefrom is to be accounted for solely upon the ground there is no such judgment extant.

[1] While all judgments, whether interlocutory, final, or definitive, must be entered on

the minutes with the dates of their rendition (C. P. art. 544) every definitive or final judgment must be signed by the judge (C. P. art. 546). Until signed the judgment is incomplete. Saloy v. Collins, 30 La. Ann. 63.

[2] It has been repeatedly held that no appeal will lie from an unsigned judgment. Chartier v. Police Jury, 9 La. Ann. 42; Executors v. Bird, 23 La. Ann. 262; State ex rel. Dixon v. Judge, 26 La. Ann. 119; Saloy v. Collins, 30 La. Ann. 63; Hauch v. Drew, 116 La. 488, 40 South. 847; Mitchell v. Creosoting Co., 123 La. 958.[1] And where there is no copy of the judgment appealed from in the transcript, there is nothing before the court for review, and the appeal will be dismissed. Bacas v. Smith, 33 La. Ann. 139.

Motion sustained, and appeal dismissed.