(103 So. 331)

No. 25825.

### RIVER & RAILS TERMINALS, Inc., v. LOUISIANA RY. & NAV. CO.

(March 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** &#9901;123—**No appeal lies from unsigned judgment.**

   In view of provisions of Code Prac. art. 546, that judge must sign all definitive or final judgments rendered by him, appeal will not lie from unsigned judgment.

2. **Judgment** &#9901;282—**Dismissal of suit for failure to state cause is final judgment requiring signature.**

   Judgment dismissing suit on ground that petition discloses no cause of action is final judgment, which under Code Prac. art. 546, must be signed.

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; Prentice E. Edrington, Judge.

Suit by the River & Rails Terminals, Inc., against the Louisiana Railway & Navigation Company. From a judgment of dismissal, plaintiff appeals. Appeal dismissed.

Walter L. Gleason and John R. Upton, both of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee.

THOMPSON, J. This is an appeal from a judgment which sustained an exception of no cause of action, dissolved the injunction, and dismissed the plaintiff's suit.

[1] Our attention has been called to the fact that no judgment was signed and none appears in the record.

Code Prac. art. 546, provides that the judge must sign all definitive or final judgments rendered by him, and it is well settled by the decisions of this court that no appeal lies from an unsigned judgment. State ex rel. Dixon v. Judge, 26 La. Ann. 119; Saloy v. Collins, 30 La. Ann. 63; Hauch v. Drew, 116 La. 488, 40 So. 847; Mitchell v. Creosoting Co., 123 La. 958, 49 So. 655; James v. Hotel, 145 La. 1007, 83 So. 222.

[2] That a judgment dismissing a suit on the ground that the petition discloses no cause of action is a final judgment which must be signed is equally well settled. Nicholls v. Maddox, 52 La. Ann. 497, 26 So. 994; James v. St. Charles Hotel Co., 145 La. 1007, 83 So. 222.

For the reasons assigned, the appeal herein is dismissed at appellant's costs.