No. ——

First Circuit Appeal

## LOUISIANA STATE BOARD OF DENTISTRY v. F. ERNEST OFLERTY

(May 5, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 143.**

The Court of Appeal cannot consider a judgment of the district court not signed. The case is remanded for signature of district judge to the judgment rendered.

Appeal from the Parish of St. Martin, Hon. James Simon, Judge.

This is an injunction suit in which the injunction was denied and plaintiff appealed. The judge's signature was missing. Case remanded for judge's signature.

Sidney Gautier, of New Orleans, and V. A. Fournet, of St. Martinville, attorneys for plaintiff, appellant.

Voorhis and Labbe, of Lafayette, and Weeks and Weeks, of New Iberia, attorneys for defendant, appellee.

MOUTON, J. Dr. V. K. Irion, appearing in the capacity of Secretary-Treasurer of the Louisiana State Board of Dentistry, filed these proceedings praying for an injunction to restrain defendant from practicing dentistry in the State of Louisiana, particularly in the Parish of St. Martin.

The basis upon which the injunction is asked, is that defendant has never presented himself for examination, nor has he complied with the laws of the State relative to persons desiring to practice dentistry; that he is not a holder of such a certificate as is required by the Louisiana State Board of Dentistry and is therefore not qualified to practice dentistry under the laws of this State, and more particularly under Act 88, 1900, as amended by Acts 132, 1902, Act 27 of 1906, and Act 30 of 1922.

The defendant was ordered by the district judge to show cause why the writ of injunction prayed for should not issue.

In answer to this rule, defendant filed the following pleas: That on the face of the papers, Dr. V. K. Irion shows no right to file and prosecute this suit; and in the alternative, that the petition shows no cause of action; that the acts upon which plaintiff grounds his demand for an injunction, are unconstitutional.

In the minutes of the court which we find in the record, it is stated that "for oral reasons assigned by the court, rule Nisi is recalled and writ of injunction denied". If the court maintained the exception of no cause of action, the judgment maintaining this exception should have been signed by the judge, otherwise the appeal was necessarily, premature. H. P. Nicholls vs. Clara Maddox, 42 La. 496.

If the court maintained the plea of defendant that the acts invoked by plaintiff were unconstitutional by declaring such acts or either of said acts, unconstitutional, the supreme court and not this court would be vested with appellate jurisdiction in this case. Constitution of 1921, Article 7, section 10, paragraph 4, p. 40.

Such being the situation presented by this record, we will not dismiss this appeal but will order the return of this record to have the district judge sign the judgment he has rendered in this case.

It is therefore so ordered, and when the judge will have signed the judgment by him rendered herein, that the said record be returned to the clerk of court at New Iberia, La., for our next regular term at that place.