### No. 12347
### First Circuit

---

## TALLY, ET AL., v. CONSERVATION COMMISSION OF LOUISIANA

---

(January 28, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 143.**
Where the judgment of the lower court was not signed by the judge the appellate court will dismiss the appeal.

Appeal from the Sixteenth Judicial District Court, Parish of St. Martin. Hon. James Simon, Judge.

Action by Taylor Talley, et al., against Conservation Commission of Louisiana.

Judgment not signed.

Plaintiffs appealed.

Appeal dismissed.

L. A. Fitch and J. O. Womack, of Baton Rouge, attorneys for plaintiffs, appellants.

E. R. Schowalter, attorney for defendant, appellee.

ELLIOTT, J. The plaintiffs, Taylor Tally, Arthur McJimpsey, Thomas McQuiston, Arthur Ortis, Robert Castania, Roy Goodfellow, Robert Fitzgerald, Nelson McQuiston, Elden Lively, Isaac Mott, Samuel McQuiston, Clarence Fitzgerald, John Lisbold, John Witt, W. A. Graves, C. R. White, Willie White, Louis Gaudet and M. C. Cloy, by suit instituted in the Parish of St. Martin attack as illegal a permit issued by the Department of Conservation of Louisiana authorizing the taking and sale of buffalo fish under certain conditions, etc., set out in the petition and in a permit annexed but which need not be detailed here.

The Department of Conservation of Louisiana appeared in response to a rule nisi and as reasons why an injunction should not issue to the department in regard to the matter, for plea moved that the rule nisi be recalled and the suit dismissed on the ground that the domicile of the Department of Conservation was fixed by law in the city of New Orleans and that plaintiffs' suit should have been brought at the domicile of the department in the city of New Orleans, instead of the Parish of St. Martin. That the district court of the parish of St. Martin had no jurisdiction, etc.

All we find concerning the action of the court on the exception is shown by a minute entry bearing date March 2, 1925, which reads:

"Exception of want of jurisdiction filed by defendant, taken up, tried and submitted and maintained. Bill reserved by plaintiffs to the ruling of the court."

There is no judgment in the record. If the suit was dismissed as indicated, it is a final judgment that should have been signed by the judge. In the absence of a judgment, signed by the judge, the record cannot be considered. All we can do is to dismiss the appeal on the face of this record. See La. Digest, Vol. I, pp. 336, 337, 338, etc.