No. 2524

Second Circuit

---

CARROLL v. POWELL

---

(May 22, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Appeal — Par. 143; Judgment—Par. 54, 165.

A judgment sustaining an exception of no cause of action is a final judgment and must be signed before the appellate court can acquire jurisdiction of an appeal from it.

Nicholls vs. Maddox, 52 La. Ann. 497, 26 So. 994.

River & Rails Terminals, Inc., vs. L. Ry. & N. Co., 157 La. 1086, 103 So. 331.

Appeal from the Second Judicial District Court, Parish of Bossier. Hon. John S. Richardson, Judge.

Action by Jake Carroll against Daniel L. Powell.

There was judgment for defendant and plaintiff appealed.

Suit dismissed for want of jurisdiction.

W. C. Boone and Atkins & Meadors, of Homer, attorneys for plaintiff, appellant.

J. Rush Wimberly, of Arcadia, attorney for defendant, appellee.

REYNOLDS, J. Plaintiff recovered judgment against defendant in the Second Judicial District Court in and for the parish of Claiborne for $206.06 with legal interest thereon from July 1, 1924, until paid, and costs of suit, upon which a writ of fi. fa. was issued, and, under proper averments in a supplemental petition in the action wherein The Planters Bank of Haynesville, Louisiana, was named as garnishee a writ of garnishment directed to that institution was duly issued and served. The petition for garnishment alleged that the garnishee had on deposit in the name of the defendant, Daniel L. Powell, or in the name of his wife, Mrs. Maggie L. Powell, that belonged to defendant Daniel L. Powell money sufficient to satisfy plaintiff's judgment in principal and interest and costs.

The garnishee duly answered that it had on deposit to the credit of Mrs. Maggie Powell the sum of $432.86 and that it was without knowledge or information sufficient to form a belief as to whether or not the defendant Daniel L. Powell owned or claimed to own all or any part of the amount.

The defendant Daniel L. Powell and his wife Mrs. Maggie Powell filed an exception of no cause of action to the petition in garnishment based on the ground that the plaintiff could not question the title of Mrs. Maggie Powell to the money on deposit by garnishment process.

On trial the court sustained the exception and dismissed the garnishment proceeding and plaintiff, Jake Carroll, appealed.

OPINION.

Our attention has been called to the fact the judgment sustaining the exception of no cause of action was not signed, and an examination of the record fails to disclose such a judgment. In the absence of a signed judgment this court is without jurisdiction of plaintiff's appeal.

Article 545 of the Code of Practice provides that the judge must sign all final or definitive judgments, and it is well settled by numerous decisions of our courts that no appeal lies from an unsigned judgment.

Saloy vs. Collins, 30 La. Ann. 63.

And it is also well settled that a judgment dismissing a suit on the ground that the petition does not disclose a cause of action is a final or definitive judgment and that no appeal lies from it unless signed.

Nichols vs. Maddox, 52 La. Ann. 497, 26 So. 994.

Rivers & Rails Terminals, Inc., vs. La. Ry. & Nav. Co., 157 La. 1085, 103 So. 331.

The court being without jurisdiction of plaintiff's appeal, the appeal must be dismissed, and accordingly it is so ordered.