No. 779

First Circuit

DEPETRO v. MITCHNER

(May 5, 1931. Opinion and Decree.)

R. F. Walker, of Baton Rouge, attorney for plaintiff, appellant.

Leslie A. Fitch, of Baton Rouge, attorney for defendant, appellee.

LeBLANC, J. This is an action ex delicto brought by the plaintiff, Mike Depetro, for himself and in behalf of his minor child, Lena Depetro, against the defendant, C. C. Mitchner. A plea of prescription was filed by the defendant, which the minutes of court show was sustained by the district court and judgment rendered dismissing the plaintiff's suit at his cost. An order for appeal was obtained and the appeal timely perfected.

While the minutes of court show that such judgment was rendered in open court on December 1, 1930, and that the plaintiff, within proper time, moved for a rehearing which was not denied until December 15, 1930, the record nowhere shows that it ever was reduced to writing and signed by the judge. The absence of a signed judgment forms the basis of defendant-appellee's motion to dismiss the appeal.

Appellant's answer to the motion that the judgment is interlocutory, and as such need not be signed, is in effect an admission that there was no judgment signed.

If it be granted for the sake of the argument that the judgment rendered was interlocutory, appellant, it seems, would obtain but little comfort in the situation as it presents itself, because an appeal is granted from an interlocutory judgment when (and we take that to mean only when) such judgment may cause irreparable injury, and there is no pretense or suggestion of any injury whatsoever here.

But we are clearly of the opinion that the judgment rendered was a final and definitive one and as such had to be signed before the appeal could be entertained. We quote the following from the case of River & Rails Terminals v. Louisiana Railway & Navigation Co., 157 La. 1085, 103 So. 331:

"Our attention has been called to the fact that no judgment was signed and none appears in the record.

"Code Prac. art. 546, provides that the judge must sign all definitive or final judgments rendered by him, and it is well settled by the decisions of this court that no appeal lies from an unsigned judgment. State ex rel. Dixon v. Judge, 26 La. Ann. 119; Saloy v. Collins, 30 La. Ann. 63; Hauch v. Drew, 116 La. 488, 40 So. 847; Mitchell v. Creosoting Co., 123 La. 953, 49 So. 655; James v. Hotel, 145 La. 1007, 83 So. 222."

In the case quoted from, as well as in some of those therein cited, the unsigned judgment appealed from, which dismissed the plaintiff's suit, was rendered on an exception of no cause of action. In each instance such judgment was held to be final and definitive, and whilst we find no decision in which the appeal was dismissed from a judgment dismissing the suit rendered on a plea of prescription, as in this case, we think it is a judgment of

the same nature and should be signed before the appeal would lie.

Code of Practice, article 539, defines "definitive or final judgments" such "as decide all the points in controversy between the parties," and adds further that they "are such as have the force of res adjudicata." In the case of Johnson v. Forstall et al., 3 La. Ann. 446, it was directly held that a judgment rendered on a plea of prescription was a definitive judgment and constituted res adjudicata.

A further thought, which seems to emphasize the point that the judgment herein rendered is a final one, arises from the fact that a plea of prescription being a peremptory exception, the judgment based on it is one which, under the law, contemplates a dismissal of the suit.

Peremptory exceptions, according to article 343, Code of Practice, "are those which tend to the dismissal of the action. Some relate to forms; others arise from the law." Article 345 reads as follows:

"Peremptory exceptions, founded on law, are those which, without going into the merits of the cause, show that the plaintiff can not maintain his action, either because it is prescribed or because the cause of action has been destroyed or extinguished."

From this provision of the Code of Practice, it appears to us that a judgment based on a plea of prescription and one based on an exception of no cause of action are of the same character in their relation to the disposition of the suit, and since it is so well settled that no appeal lies from an unsigned judgment dismissing the suit on an exception of no cause of action, we hold that the same ruling applies in the case of judgments sustaining a plea of prescription.

For the foregoing reasons, appellee's motion is sustained, and the appeal herein taken is dismissed, at the appellant's cost.