### RILEY FEED MFG. CO. v. ROGERS et al.
### No. 5000.

Court of Appeal of Louisiana. Second Circuit.
April 1, 1935.

C. P. Thornhill, of Columbia, for appellant.

J. B. Thornhill, of Monroe, for appellees.

TALIAFERRO, Judge.

The facts, issues, and record status of this case are virtually identical with those of Jefferson Island Salt Company against the same defendants, 160 So. 329, this day decided.

Plaintiff avers that it sold and delivered to J. D. Rogers, a retail merchant in Columbia, La., in the year 1933, goods, wares and merchandise, on the price of which there is now a balance due of $583.65. For the purposes of a decision of the case, as presently presented to us, we quote from our opinion in said case in 160 So. 329, and adopt same as our opinion herein, as the allegations in both cases are virtually identical, aside from the amount sued for, and the pleadings filed and rulings of the court thereon were the same in both cases, to wit:

" * * * That in the month of August, 1934, Rogers sold his entire stock of goods, wares and merchandise, store equipment and fixtures, to one G. L. Shipp, resident of Caldwell Parish, the price thereof being unknown to petitioner; that the transaction between Rogers and Shipp was a bulk sale, and out of the regular course of business, and was consummated in violation of Act No. 270 of 1926, Louisiana Legislature, in that said Shipp did not exact of the said Rogers ' * * * A sworn statement of the names and addresses of any or all of the creditors of the said J. D. Rogers, to whom he might be indebted, together with the amount of the indebtedness due and owing by the said J. D. Rogers to each of said creditors, as is required of the transferee, by the provisions of Section 2, Par. B of the said Act.'

"It is further alleged that, if said sworn statement was exacted and furnished, as required by said act (section 2(b), which is denied, petitioner has had no notice of said sale as said statute requires. Plaintiff further alleged that the goods, etc., transferred in said sale had a value in excess of the amount due him by Rogers. The sale is attacked as being null and void as against petitioner, for the reason that it was consummated in violation of the provisions of said act of the Legislature.

"The prayer is for annullment of the sale and for judgment in solido against Rogers and Shipp for the balance due on the account.

"Both defendants filed exceptions of no cause and no right of action. That filed by Rogers was overruled. The exception filed by Shipp was sustained and the suit dismissed as to him. Plaintiff appealed devolutively from this ruling of the court.

"There is no signed judgment in the record. The minutes do not disclose that one was signed before this appeal was taken. As the court's action in sustaining the exception and dismissing the suit, so far as defendant Shipp is concerned, is in its nature definitive, formal judgment evidencing that fact should have been signed before taking appeal. No appeal lies from an unsigned definitive judgment. Nicholls v. Maddox, 52 La. Ann. 496, 26 So. 994; River & Rails Terminals, Inc., v. Louisiana Railway & Navigation Co., 157 La. 1085, 103 So. 331; James v. St. Charles Hotel Co., 145 La. 1004, 1007, 83 So. 222.

"We are impelled of our own motion to take notice of the lack of a signed judgment in the case and dismiss the appeal. Bacas v. Smith, 33 La. Ann. 139."

Appeal dismissed at appellant's cost.