## MOSSLER ACCEPTANCE CO. v. MOLIERE.

### Intervention of MEYER.

### No. 16968.

Court of Appeal of Louisiana. Orleans.

May 16, 1938.

R. J. Weinmann, of New Orleans, for appellant.

Ernest J. Robin and Joseph A. McCaleb, both of New Orleans, for appellee Meyer.

McCALEB, Judge.

This matter has been submitted to us on a motion to dismiss the appeal. The pertinent facts applicable to a proper consideration of the motion are as follows:

On March 7, 1938, the plaintiff-appellant instituted executory proceedings against one Roy Moliere seeking to foreclose on a chattel mortgage held by it upon an automobile owned by him. The writ of seizure was duly issued in accordance with law and the car was advertised for sale by the Constable of the First City Court.

On March 21, 1938, Oliver Meyer, the appellee, intervened in the proceedings, claiming ownership of the gasoline engine of the seized automobile. A rule nisi issued ordering appellant and the Constable to show cause why a preliminary injunction should not issue restraining the latter from selling the engine. The appellant, thereupon, appeared and opposed the demand of Meyer and, after hearing on the merits, there was judgment rendered recognizing appellee as the owner of the engine and restraining the Constable from selling it under the writ. This judgment was rendered on March 24, 1938. On the following day, March 25, the appellant moved and obtained an order for a suspensive and devolutive appeal, returnable to this court on April 4th. At the time the order of appeal was granted, the judgment had not been signed but it appears that the same was actually signed in open court on March 29th, several days before the transcript was returnable here.

The theory of the appellee's motion to dismiss is that, inasmuch as the appeal was taken from an unsigned judgment, the order allowing it is nugatory.

Appellant contends that the judgment is not a final one and that it was unnecessary for the judge to sign it.

We are of the opinion that the judgment was final and determinative of the rights of the parties. Hence, it was imperative, under article 546 of the Code of Practice, that it be signed by the judge in order for it to become executory and, until so signed, it was incomplete, and no appeal could be taken therefrom. See Thiele & Seiler v. Crutcher & Co., 20 La.Ann. 499; Adler & Co. v. Moses et al., 5 La.App. 601; Orleans & J. Ry. Co., Ltd., v. International Const. Co. et al., 113 La. 409, 37 So. 10; Consolidated Association of the Planters of Louisiana v. J. W. Mason et al., 24 La. Ann. 518; James v. St. Charles Hotel Co., 145 La. 1004, 83 So. 222; Franke v. Shaw, 154 La. 508, 97 So. 793; River & Rails Terminals, Inc. v. La. Ry. & Nav. Co., 157 La. 1085, 103 So. 331; Hotard v. DuPont, 1 La.App. 646; Louisiana State Board of Dentistry v. Oflerty, 2 La.App. 180; Tally v. Conservation Comm., 3 La. App. 623; Carroll v. Powell, 8 La. App. 536; Automobile Secur. Corp. v. Vecino, 10 La.App. 10, 120 So. 427; Crais v. New Orleans, 171 La. 285, 130 So. 867; Parks v. Burnside, 171 La. 749, 132 So. 220; Willis v. Deck, 16 La.App. 135, 133 So.

464; Isom v. Stevens, La.App., 148 So. 270; Mojonnier v. Oppenheimer, La.App., 159 So. 134; Jefferson Island Salt Co. v. Rogers, La.App., 160 So. 329; Riley Feed Mfg. Co. v. Rogers, La.App., 160 So. 330; Morgan v. Calliham, La.App., 166 So. 180; Saloy v. Collins, 30 La.Ann. 63; Chartier v. Police Jury, 9 La.Ann. 42; Bird's Executors v. Bird, 23 La.Ann. 262; State ex rel. Dixon v. Judge, 26 La.Ann. 119; Hauch v. E. C. Drew Inv. Co., 116 La. 488, 40 So. 847, and Mitchell v. Creosoting Co., 123 La. 957, 958, 49 So. 655.

In all of the foregoing cases, there was no signed judgment contained in the record at the time the appeal was lodged in the appellate court. Here, the facts are different because the judgment was signed three days after the appeal was taken and was rendered one day before it was applied for and the judgment as signed is part of the record. The question, therefore, is whether, under these circumstances, the signing of the judgment has had the effect of curing the appellant's premature action in appealing from an unsigned judgment.

■ It is well established, so far as appeals from the country parishes are concerned where it is the custom of the judge to sign the judgments, rendered by him during the term, on the last day of court, that an appeal taken after rendition of the judgment, but before it has been signed by the judge, will not be dismissed. See Vicksburg, Shreveport & Texas R. Co. v. Hamilton, 15 La.Ann. 521; Green v. Huey, Sheriff, et al., 23 La.Ann. 704; Mouton v. Broussard, 25 La.Ann. 497; State v. Balize, 38 La.Ann. 542, 543; and Madere v. Alexandre, 126 La. 342, 52 So. 535.

In McGregor v. Barker, 12 La.Ann. 289, is found a state of facts which bear a strong resemblance to those appearing in the case at bar. There, the appeal had been taken from the Sixth District Court of New Orleans from a judgment which had been rendered on June 30, 1856, and signed on July 12th of the same year. The order granting the appeal was dated July 10, 1856, which was after the rendition of the judgment but was two days before the same was signed. It was contended that the appeal was prematurely taken and should be dismissed. The court, in denying the motion, observed:

"We have carefully examined the cases of Wright v. McNair, 7 La. [512], 513; Cooley v. Seymour, 9 La. [274], 275; Tissott v. Bowles, 18 La. 30; Whittemore v. Watts, 4 Rob. 47; Mechanics' & Traders' Bank v. Walton, 7 Rob. 451, and Chartier v. Police Jury, 9 La.Ann. 42. These all appear to be cases in which the judgment appealed from had not been signed at the time the transcript of appeal was made out. The older cases were decided before the Act of 1839, curing certain defects, and the Act of 1843, allowing an appeal by motion in open court, were passed." (Italics ours)

The act of 1839, referred to by the court in its opinion, is now contained in the Code of Practice, being article 898 thereof. It provides, in substance, that no appeal shall be dismissed on account of any defect, error, etc. in the petition or order of appeal whenever it shall not appear that such irregularity is imputable to the appellant. The court, in the cited case, held that the error in the appeal was not due to the fault of the appellant because over three days had elapsed between the rendition of the judgment and the application for the appeal, and that appellant was entitled to presume that the judge had signed the judgment within the time provided by law. It is apparent, however, that the appellant there could have readily ascertained that the judgment had not been signed by a cursory examination of the record. It therefore would seem that the sound basis for the decision is that the subsequent signing of the judgment had the effect of curing the premature motion of appeal.

■ Appeals have always been favored by the law and will not be dismissed upon purely technical grounds. The Legislature, in the passage of Act No. 234 of 1932, has admonished the courts not to dismiss an appeal unless there is some substantial reason for so doing. We cannot fathom how the appellee in this case has been injured by the premature action of the appellant. In most cases where appeals have been dismissed, it has been because the appellant failed to timely preserve his rights. Here, the only criticism which may be suggested is that the appellant has been overzealous.

■■ The fact that the judgment was signed and the fact that it appears in the record before us as a final decree, we think, has the effect of curing the prematurity of the application and order of appeal. The underlying purpose of the provisions in the Code of Practice, that the judge must allow three days to elapse before signing judgments rendered by him, is to accord to the unsuccessful litigant a reasonable time

within which to apply for a new trial. It has many times been held that the premature signing of the judgment does not forfeit the rights of the party cast to make timely application for a new trial. Hence, the most that can be said, with respect to the premature action of the appellant in this case, is that, by applying for the appeal on the day after the judgment was rendered, he abandoned the right granted him by law to apply for a new trial.

■■ There can be no doubt that, by virtue of the overwhelming authorities hereinabove cited, if the signed judgment was absent from this transcript, the appeal would have to be dismissed. But the judgment as rendered and signed is found in the record and we see no reason to preclude the appellant from having his case heard in this court upon its merits.

For the foregoing reasons, the motion to dismiss the appeal is denied.

Motion to dismiss denied.